## FERN JUANITA HOPPER, Appellant, *v.* ALVA A. HOPPER, Respondent.

No. 4558

February 22, 1963           378 P.2d 875

*Glen W. Dilly*, of Reno, for Appellant.

*Richard C. Minor*, of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an appeal by a wife from a judgment granting her husband a divorce.

The complaint was filed December 8, 1961. The answer thereto was filed January 8, 1962. Trial was set for March 12, 1962. On March 7, 1962, on the wife's motion supported by an affidavit that she was ill, the setting was vacated and the trial reset for May 8, 1962. On the latter date the action came on for hearing without the presence of the wife. The attorneys for the parties at that time stipulated to perpetuate the testimony of the husband's resident witness, and at the same time respondent, under oath, answered certain written interrogatories that had been filed. On May 18 the court signed an order setting the trial date for June 12, 1962. On June 4, 1962, the wife filed a motion for temporary alimony, preliminary attorney fees, and traveling expenses for her and their minor daughter from Sioux City, Iowa, to Lovelock, Nevada. On June 11, 1962, the wife filed a motion for continuance noticing the same to be heard on June 18, 1962, and based on the affidavit of a doctor who stated that the daughter, as a result of an accident, had been his patient since January 17, 1962, and that because of her health she should not travel for approximately six months and that she needed her mother's care during that time.

The case was called for trial on June 12, 1962. The wife's attorney moved the court for allowances in accordance with her said motion. The motion was denied except as to court costs and attorney fees, the court reserving its ruling thereon until the end of the trial. The pending motion for continuance also was denied. The wife's counsel thereupon moved for dismissal of the action, and that motion was denied. When the wife's counsel thereupon stated that he withdrew as attorney for the wife, the court stated that he "could not be allowed to withdraw."[1] The husband was examined. Appellant's counsel refused to cross-examine. At the conclusion of the evidence the husband was granted a divorce, the property settlement with respect to alimony was approved by the court, the wife was awarded custody of the minor child, and the husband was ordered to pay her $100 per month

[1] Her attorney on this appeal did not represent her in the court below.

for child support. He was also ordered to pay to the wife an attorney fee of $100, together with the court costs.

Two errors are assigned on this appeal:

1. The failure of the court to allow appellant traveling expenses.

2. The failure of the trial court to grant appellant's motion for continuance.

A motion for continuance is addressed to the discretion of a trial court. Benson v. Benson, 66 Nev. 94, 204 P.2d 316. An allowance of traveling expenses is also within the trial court's discretion. NRS 125.040. This is conceded by the appellant. Thus, we are concerned only with the question of whether the trial court abused its discretion in either instance.[2]

The evidence discloses that the husband had a total gross income of $400 a month. The wife retained the house valued at $16,000 in which the parties had an equity of over $4,000, and also the furnishings therein valued at $5,000 to $6,000. In addition thereto she retained their business worth $12,500 in which their equity was $8,000. From this business she had an income of from $50 to $60 a week. There is no evidence that at the time of the trial the wife was employed, but it does appear that she was capable of working. From such evidence and from the delay in filing the motion we will not say that the lower court abused its discretion in refusing to grant her motion for such expenses.

Appellant had already been granted continuances totaling three months. Her motion for continuance which was denied was filed the evening before the trial, and was based on an illness of the daughter known several months before to exist. Under the circumstances, the trial court could properly believe that the last motion for continuance was made for the purpose of delay only.

---

[2]We are not concerned here with the holding in Katleman v. Katleman, 74 Nev. 141, 325 P.2d 420, where the appeal was from the order denying allowances pendente lite, because here the appeal is from the final judgment.

While a failure of justice sometimes can result from a denial of such motions, it is likewise true that a failure of justice can result from the granting of the same.

The assignments being without merit, the judgment is affirmed.

BADT, C. J., and THOMPSON, J., concur.