MARIA ALDONA TOIGO, Appellant, v.
MICHAEL J. TOIGO, Respondent.

No. 23037

March 24, 1993                               849 P.2d 259

*William R. Phillips*, Las Vegas, for Appellant.

*Jimmerson, Davis & Santoro*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 4, 1991, the trial court entered a decree dissolving the marriage of Maria Aldona Toigo ("Aldona") and Michael J. Toigo ("Michael"). On appeal, Aldona challenges several findings of the trial court concerning the character and division of community assets and debts, and the trial court's denial of her request for alimony and attorney's fees.

Although Aldona bases her arguments upon the testimonial evidence presented at trial, she failed to include the trial transcript as part of the record on appeal.

> In deciding cases, an appellate court must confine its consideration to the facts reflected in the record and the necessary and reasonable inferences that may be drawn therefrom, the statements made by counsel in their briefs, alleging facts or their arguments made in open court, portraying what might have occurred, will not be considered on appeal.

Lindauer v. Allen, 85 Nev. 430, 433, 456 P.2d 851, 853 (1969). Without the trial transcript, this court has no basis for disturbing the findings of the trial court.

Michael has practiced law in Nevada since 1977, and currently has a gross income in excess of $6,000 per month. Despite

Michael's success, the trial court found that Aldona's net share of the community estate amounted to less than $12,000. For services rendered in preparation for trial, Aldona's attorney apparently charged fees in excess of $13,000. Subsequent to filing a notice of appeal, Aldona's attorney filed an attorney's lien for $26,017.40 against Aldona's award.

Aldona's attorney apparently performed minimal discovery and called no witnesses, aside from Aldona, at the divorce hearing. His fee seems excessive. Furthermore, a lawyer who appeals a trial court's findings without providing the trial transcript or at least a statement permitted by NRAP 10(e) does a disservice to his client.

We strongly recommend that appellant's counsel reassess his fees and advise this court of the results of his reconsideration.

The decree of the trial court is affirmed.[1]

---

[1]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this matter.