KATHRYN DEE PRIMM, APPELLANT, *v.*
THOMAS LOPES, RESPONDENT.

No. 23207

May 27, 1993            853 P.2d 103

*Geraldine Kirk-Hughes,* Las Vegas, for Appellant.

*Randall H. Pike,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Kathryn Dee Primm ("Primm") gave birth to Thomas Lee Primm-Lopes ("Thomas") in 1987. Although Primm and respondent Thomas Lopes ("Lopes") never married, in March 1987, a district court order established Lopes' parentage.

In the early fall of 1990, Primm decided to accept a job transfer to Florida. In September 1990, Lopes, fearing that Primm might abscond with Thomas to Florida, filed a complaint to establish custody of Thomas. Specifically, Lopes requested that the court award joint legal custody, but grant Lopes primary physical custody of Thomas with reasonable visitation rights for Primm. After a hearing, the district court granted Lopes temporary physical custody of Thomas and further ordered the Nevada Child Custody Division to commence an evaluation (the "NCCD evaluation") of the custody matter.

Thereafter, the district court conducted an evidentiary hearing on Lopes' custody complaint. Although Primm did not include the transcript of this hearing in the record on appeal, the district court's order demonstrates that both parties testified at the hearing and that the court accepted the NCCD evaluation into evidence. In February 1991, the district court issued an order adopting the findings of the NCCD evaluation and concluding that Lopes provided the more stable living environment for Thomas. In deciding the custody issue, the district court also considered Primm's relocation to Florida. In turn, the district

court awarded Lopes primary physical custody of Thomas, but granted Primm visitation rights and liberal telephone access to Thomas.

Over the next several months, Lopes and Primm filed various motions concerning the custody decree. Primm alleged that Lopes obstructed court orders and prevented her phone contact and in-person visitation with Thomas. Lopes responded that Primm made harassing phone calls and refused to maturely discuss visitation plans in a timely manner. As a result, during the summer of 1991 the court issued several orders concerning the details of visitation and custody.

In October 1991, Lopes filed a motion for, among other things, support. After oral argument the district court ordered, *inter alia,* that Lopes continue to exercise primary physical custody and that Primm pay support. This appeal ensued. Primm argues that the district court erred in granting Lopes primary physical custody of Thomas. Specifically, she contends: (1) the district court erred in considering her relocation to Florida in deciding the custody issue; and (2) substantial evidence did not support the award of custody to Lopes. We disagree and affirm.

## DISCUSSION

The trial court enjoys broad discretionary powers in determining questions of child custody. This court will not disturb the lower court's determinations absent a clear abuse of discretion. Gilbert v. Warren, 95 Nev. 296, 594 P.2d 696 (1979); *see* Schwartz v. Schwartz, 107 Nev. 378, 812 P.2d 1268 (1991). Moreover, in child custody matters, a presumption exists that the trial court properly exercised its discretion in deciding what constitutes a child's best interest. Culbertson v. Culbertson, 91 Nev. 230, 533 P.2d 768 (1975).

### Consideration of Primm's Relocation

Primm argues that the district court erred in considering her move as a factor in determining the custody award. The court, contends Primm, factored in her relocation based on an erroneous application of NRS 125A.350.[1] She asserts, however, that NRS

---

[1]NRS 125A.350 provides:

> If custody has been established and the custodial parent or a parent having joint custody intends to move his residence to a place outside of this state and to take the child with him, he must, as soon as possible and before the planned move, attempt to obtain the written consent of

125A.350 does not apply to this case because this statute is applied only where the district court has previously established custody. Primm argues that prior to the February 1991 custody order, the district court had not established custody. Thus, she concludes that given the district court's erroneous application of NRS 125A.350, the district court abused its discretion in granting Lopes custody of Thomas. We cannot agree.

Evidence in the record does not support Primm's contention that the district court applied either the letter or spirit of NRS 125A.350. Nowhere in the custody order does the court mention or discuss the application of NRS 125A.350. Additionally, Primm's failure to supply a transcript of the custody hearing prevents this court from ascertaining whether the district court "applied" the statute at oral argument. Furthermore, neither party's moving or responding papers filed prior to the hearing mentions NRS 125A.350. Thus, Primm has not demonstrated that the district court applied NRS 125A.350.

Notwithstanding NRS 125A.350, Primm has failed to demonstrate that Nevada law precludes a district court from factoring in a parent's move in a custody determination. Indeed, the sole consideration in awarding custody of a minor is the best interest of the child. NRS 125.480(1). In turn, if the district court in its broad discretion finds that a parent's relocation to another state does not serve the best interest of the child, then the court should be able to consider the relocation in resolving the custody matter. Noble v. Noble, 86 Nev. 459, 470 P.2d 430 (1970) (the district court enjoys discretion in determining what constitutes the child's best interest); *see* NRS 125.480(4).

Additionally, the record reveals that the district court considered factors other than Primm's relocation in determining the best interest of Thomas. The district court's order evidences a consideration of the stability of Lopes' home, Lopes' employment history and his marital status in deciding that Lopes' exercise of custody served Thomas' best interest. The order also demonstrates that the district court relied heavily on the recommendations and considerations outlined in the NCCD evaluation.

Thus, we conclude that the district court did not erroneously apply NRS 125A.350. Instead, the district court properly considered Primm's move as one of the several factors that tipped the

---

the other parent to move the child from the state. If the noncustodial parent or the other parent having joint custody refuses to give that consent, the parent planning the move shall, before he leaves the state with the child, petition the court for permission to move the child. The failure of a parent to comply with the provisions of this section may be considered as a factor if a change of custody is requested by the noncustodial parent or other parent having joint custody.

custody balance in Lopes' favor. Hence, in regard to this issue, Primm has not proven that the district court abused its discretion.

## Substantial Evidence

This court will not set aside the district court's factual determinations supported by substantial evidence. Hermann Trust v. Varco-Pruden Buildings, 106 Nev. 564, 796 P.2d 590 (1990).

Primm argues that substantial evidence did not support the district court's determination that Lopes should enjoy primary physical custody of Thomas. Primm asserts that the evidence adduced at the various hearings amply demonstrated that Lopes frustrated and interfered with her visitation rights and her phone contact with Thomas. Thus, she concludes that the district court abused its discretion in awarding Lopes custody.

Moreover, citing the statutory preference in NRS 125.480(3)(a),[2] she argues that the court should have appointed her custodian because the evidence indicated that she was the parent most likely to ensure continued and frequent associations with the other parent.

Lopes denies allegations that he impeded and prevented his son's affiliation with Primm. Lopes argues that he did everything in his power to guarantee healthy interaction between Primm and Thomas. Lopes casts Primm in the role as the primary obstructionist. In turn, Lopes maintains that the district court properly resolved the conflict.

A careful review of the record reveals that the evidence on this matter conflicted.[3] However, Primm has not pointed to evidence in the record which indicates that the district court erred in its resolution of this conflict. Indeed, the record indicates that from October 1990 until February 1992 the district court judge conducted seven hearings on the numerous motions filed in this case. The judge was intimately familiar with the facts of this case, the truculent allegations and the litigants themselves. As a result, the district court judge enjoyed the best position to observe the witnesses and scrutinize the evidence. In turn, we decline to

---

[2]NRS 125.480(3)(a) provides, in pertinent part: "When awarding custody to either parent, the court shall consider, among other factors, which parent is more likely to allow the child to have frequent associations and a continuing relationship with the noncustodial parent."

[3]The record on appeal does not contain complete transcripts of the pertinent hearings. Nonetheless, a conflict in the evidence is readily apparent from an examination of each party's numerous affidavits included in the record.

disturb the district court's settlement of this matter. Sutherland v. Gross, 105 Nev. 192, 772 P.2d 1287 (1989) (where evidence in the record conflicts, this court will defer to the fact trier's determinations).

Furthermore, we cannot review Primm's claim that substantial evidence supported her appointment under NRS 125.480(3)(a). Primm has failed to provide complete transcripts of the pertinent hearings. In turn, without transcripts we have no basis to assess Primm's claim of error. Toigo v. Toigo, 109 Nev. 350, 849 P.2d 259 (1993). Thus, we hold that substantial evidence supported the district court's order. M & R Investment Co. v. Mandarino, 103 Nev. 711, 748 P.2d 488 (1987) (where appellant fails to include a relevant hearing transcript in the record on appeal, supreme court assumes that the record supports the district court's decision).

For the reasons stated herein, we conclude that the district court did not abuse its discretion in granting Lopes custody of Thomas. Accordingly, we affirm the district court's order.