Shearing, J.,
with whom Agosti and Maupin, JJ., agree,
dissenting:
The majority has made a decision contrary to the very law it cites. Primm v. Lopes, 109 Nev. 502, 853 P.2d 103 (1993), provides that this court will not set aside the district court’s factual determinations if they are supported by substantial evidence and will not disturb a district court’s determination of custody absent a clear abuse of discretion. Id. at 506 and 503, 853 P.2d at 105 and 104. Every one of the district court’s findings was supported by substantial evidence. Accordingly, I conclude that the district court did not abuse its discretion by granting the motion to change custody, and would affirm the district court order.
The district court found that the mother would be the better parent to allow frequent and continuing association of the children with the other parent. This is one of the most important factors in determining who should have custody. Our legislature has specifically stated that the public policy of this state is that a major factor in determining custody of children is which parent is more likely to allow the child to have frequent associations and a continuing relationship with the noncustodial parent. See NRS 125.480(3)(a). There was substantial evidence to support the district court’s finding. There was testimony that the father had prevented not only the mother’s visitation with her children, but also her telephone contact with them.
The majority states that the district court gave undue weight to the father’s removing the children from the state without obtaining either the mother’s written consent or a court determination. It is true that the mother initially gave verbal consent to the move; however, it was on the understanding that they would fashion a liberal visitation schedule for the mother. While the children were in Nevada, the mother had almost as much physical contact with them as the father did. There was evidence that after the father *1040 took the children out of state, the father not only would not agree to a liberal visitation schedule, but also would not even agree to minimal contact. Recognizing that failure is not punishing the father for taking the children out of state, but rather is furthering the policy that frequent contacts with both parents is in the best interest of the child by giving primary physical custody to the parent most likely to foster relations with the other parent.
The majority states that the arbitrariness of the district court’s decision is demonstrated by the fact that the father appeared to be active and involved while he was in Nevada. The majority ignores the fact that the mother was also an active and involved parent when the children were in Nevada. She also sought to be active and involved while the children were in Idaho, but was frustrated by the father. Furthermore, despite the fact that the mother still retained joint legal custody of the children, the evidence showed that the father was in the process of having the children baptized in a new church, without any consultation with the mother. The majority implies that any evidence supporting a conclusion that is not included in the district court’s findings of fact cannot be considered. That is not the law. The district court found that the best interests of the children would be substantially enhanced by changing primary physical custody from the father to the mother. It is not necessary for the judge to recite in the order each piece of evidence going into that decision, as long as there is substantial evidence in the record to support the conclusion.
As the evidence described above shows, the majority mischar-acterizes the evidence before the district court by stating that the only criticism of the father’s conduct was leaving one of the children home alone on a single occasion. Even if that were true, the child who was left alone had asthma, a heart murmur, attention deficit hyperactivity disorder and still was suffering from pneumonia. This impulsive child, who had no concept of time, was left to medicate himself. Leaving such a child home alone in such circumstances is not so benign, even if no physical harm resulted. However, this lack of judgment by the father was clearly only one factor considered by the judge, and not the most important one.
There is no basis whatsoever for this court to reverse the judgment of the district court when the issue is so fact specific. The district court heard the evidence, could weigh the credibility of the parties and made a determination as the best interests of the children. This court is in no position to make such a judgment and it is not this court’s function to do so. There was substantial evidence to support the district court’s decision. The district court did not abuse its discretion. Accordingly, I dissent.