OPINION
 

 By the Court, Becker, C. J.:
 

 This appeal involves whether Nevada’s relocation statute, NRS 125C.200, applies to parties who share joint physical custody of their minor children. We conclude that it does not. When one parent in a joint physical custody arrangement desires to move outside of Nevada with the minor children, the correct procedure is to file a motion for change of custody under NRS 125.510(2) for the purpose of relocation. The district court must then determine whether
 
 *615
 
 the best interests of the children are better served by living outside of Nevada with the relocating parent as the primary physical custodian or living in Nevada with the nonmoving parent having primary physical custody. Because the district court improperly applied NRS 125C.200 to the instant joint physical custody case, we reverse the district court’s order granting relocation and remand for the district court to apply the best interest of the child standard in accordance with this opinion and NRS 125.510(2).
 

 FACTS
 

 Appellant Thomas Potter and respondent Svetlana Potter, a/k/a Svetlana Eveleigh, were married in 1994. They had one child, who was born in 1995. Shortly after the child was born, Svetlana and Thomas divorced. At the time of the divorce, Svetlana was awarded primary physical custody of the child. Thomas and Svetlana shared joint legal custody.
 

 In 1996, the parties executed a stipulation and order regarding a parenting plan, agreeing to share joint physical and legal custody. According to the district court record, from 1996 to 2003, the parties experienced no custody problems, and both parents were actively involved with the child.
 

 In 2003, Svetlana received an employment offer from a California hospital for a registered nurse position at a higher salary than she received in a similar position in Las Vegas. She filed a 125C.200 petition to relocate with the child to Corona, California. Additionally, Svetlana expressed a desire to obtain a nurse anesthesiologist degree from a California school, a degree program that is not available in Las Vegas, and for which her future employer would pay a significant portion of the expenses.
 

 Thomas opposed the petition, arguing that the Legislature amended the relocation statute in 1999 so that it no longer applied to joint physical custody arrangements. Thomas asserted that Svet-lana could not file a relocation petition unless she first successfully moved for primary custody. Thomas also contended that Svetlana could not show that it was in the child’s best interest for Svetlana to have primary physical custody. Thomas claimed that, to the contrary, he should receive primary physical custody, as living in Nevada with him was in the child’s best interest.
 

 At the time of the evidentiary hearing in this matter, Svetlana had already relocated to Corona, and the child was splitting his time between Corona and Las Vegas. The parties introduced significant evidence to the district court regarding the benefits and disadvantages of the move and its effect on the child.
 
 [1]
 

 
 *616
 
 The district court treated the petition as an NRS 125C.200 relocation petition, failing to address Thomas’ arguments that, under the amended version of NRS 125C.200, Svetlana could not file a relocation petition without first having primary physical custody. Accordingly, the court performed an analysis consistent with the relocation factors articulated in
 
 Schwartz
 
 v.
 
 Schwartz,
 

 [2]
 

 ultimately concluding that the weight of the evidence supported granting Svetlana’s relocation petition. Consequently, the district court granted primary physical custody to Svetlana and provided for significant contact and visitation between Thomas and the child. The district court continued the existing joint legal custody.
 

 DISCUSSION
 

 On appeal, Thomas alleges that the district court abused its discretion by granting Svetlana’s relocation petition and by denying Thomas’ motion for a change of custody. According to Thomas, the district court erred by applying NRS 125C.200 to a situation involving joint physical custody. Svetlana now concedes that NRS 125C.200 does not apply to joint physical custody situations,
 
 [3]
 
 but she nevertheless argues that the district court’s order should be affirmed, as the court inherently found that it was in the child’s best interest to award primary physical custody to Svetlana, and because there is substantial evidence in that regard to support that finding.
 

 Although the parties now agree that the relocation statute does not apply to joint physical custody arrangements, they do not agree on what happens when a parent wishes to sever joint physical custody, seek primary physical custody, and relocate with the child out of state. We address this issue so as to clarify the law on this point.
 

 ‘ ‘Statutory interpretation is a question of law subject to de novo review.”
 
 [4]
 
 When the language of a statute is clear and unambiguous, its apparent intent must be given effect.
 
 [5]
 
 However, “[wjhen a statute is ambiguous, the legislature’s intent is the controlling factor in statutory interpretation.”
 
 [6]
 
 In such instances, this court may look to the legislative history to ascertain the Legislature’s intent.
 
 [7]
 

 
 *617
 
 Today, NRS 125C.200 states:
 

 If custody has been established and the custodial parent intends to move his residence to a place outside of this State and to take the child with him, he must, as soon as possible and before the planned move, attempt to obtain the written consent of the noncustodial parent to move the child from this State. If the noncustodial parent refuses to give that consent, the custodial parent shall, before he leaves this State with the child, petition the court for permission to move the child. The failure of a parent to comply with the provisions of this section may be considered as a factor if a change of custody is requested by the noncustodial parent.
 

 The statute does not define the term custodial parent and contains no reference to shared or joint custody. In contrast, the statute, which was previously found at NRS 125A.350, read:
 

 If custody has been established and the custodial parent
 
 or a parent having joint custody
 
 intends to move his residence to a place outside of this state and to take the child with him, he must, as soon as possible and before the planned move, attempt to obtain the written consent of the other parent to move the child from the state. If the noncustodial parent or
 
 other parent having joint custody
 
 refuses to give that consent, the parent planning the move shall, before he leaves the state with the child, petition the court for permission to move the child.
 

 (Emphases added.) NRS 125A.350 equally applied to parents with primary physical custody and to parents who shared joint physical custody, resulting in decisional law that applied to all custodial arrangements.
 
 [8]
 
 However, the amended statute, NRS 125C.200, specifically omits the language regarding joint custody and instead focuses on “custodial” and “noncustodial” parents.
 

 As conceded by Svetlana, on its face, NRS 125C.200 does not apply to joint physical custody. Even if the statute were ambiguous, the legislative history indicates that the amendment was specifically proposed to address perceived problems with respect to NRS 125C.200’s application in joint custody arrangements.
 
 [9]
 
 The legislative history clearly shows that the Legislature intended that NRS 125C.200 apply only to primary physical
 
 *618
 
 custody situations; that is, where there is a custodial parent and a noncustodial parent.
 
 [10]
 

 Accordingly, we conclude that a parent sharing joint physical custody is not eligible to petition to relocate with a minor child under NRS 125C.200. Instead, as the legislative history indicates, courts must apply NRS 125.510(2) and the best interest of the child standard to such situations.
 
 [11]
 

 When a parent with joint physical custody of a child wishes to relocate outside of Nevada with the child, the parent must move for primary physical custody for the purposes of relocating.
 
 [12]
 
 The district court must consider the motion for primary custody under the best interest of the child standard established for joint custody situations in NRS 125.510 and
 
 Truax v. Truax.
 

 [13]
 

 “Any order for joint custody may be modified or terminated by the court
 
 ... if it is shown that the best interest of the child requires the modification or
 
 termination.”
 
 [14]
 

 In considering this motion, the district court must determine whether the moving parent will be relocating outside of Nevada with the child if he or she obtains primary custody.
 
 [15]
 
 The district court may also consider, among other factors, the locales of the parents and whether one parent had de facto primary custody of the child prior to the motion. The moving party has the burden of establishing that it is in the child’s best interest to reside outside of Nevada with the moving parent as the primary physical custodian. The issue is whether it is in the best interest of the child to live with parent A in a different state or parent B in Nevada.
 

 In this case, the district court erred by applying NRS 125C.200 in a joint physical custody arrangement. Svetlana urges us to affirm the district court’s order because evidence was presented that it was in the child’s best interest for Svetlana to be awarded primary phys
 
 *619
 
 ical custody and live in California. We disagree. Although testimony regarding the child’s best interest was introduced, the district court did not utilize the
 
 Truax
 
 factors in its analysis and made no finding that the move was in the child’s best interest. Nor can we infer such a finding from the record.
 

 Therefore, we reverse the district court’s order and remand this case so that the district court can determine whether it is in the child’s best interest to live in California with Svetlana as the primary custodian or to live in Nevada with Thomas as the primary physical custodian.
 
 [16]
 

 Rose, Maupin, Gibbons, Douglas, Hardesty and Parraguirre, JJ., concur.
 

 [1]
 

 Because the district court applied the wrong statute and standard in evaluating Svetlana’s petition, we do not address the evidence presented, as it has no bearing on the legal issue presented to us.
 

 [2]
 

 107 Nev. 378, 812 P.2d 1268 (1991).
 

 [3]
 

 In her appellate briefs, Svetlana argues that the district court properly decided this case under the
 
 Schwartz
 
 factors; however, at the time of oral argument, Svetlana conceded that NRS 125C.200 does not apply to joint physical custody cases.
 

 [4]
 

 State
 
 v.
 
 Catanio,
 
 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004).
 

 [5]
 

 Metz
 
 v.
 
 Metz,
 
 120 Nev. 786, 791-92, 101 P.3d 779, 783 (2004).
 

 [6]
 

 State, Dep’t Human Res. v. Estate of Ullmer,
 
 120 Nev. 108, 114, 87 P.3d 1045, 1049 (2004).
 

 [7]
 

 See Beazer Homes Nevada, Inc. v. Dist. Ct.,
 
 120 Nev. 575, 582, 97 P.3d 1132, 1137 (2004).
 

 [8]
 

 Blaich v. Blaich,
 
 114 Nev. 1446, 1449, 971 P.2d 822, 824 (1998).
 

 [9]
 

 See
 
 Hearing on A.B. 544 Before the Senate Comm, on Judiciary, 70th Leg., at 10 (Nev., April 27, 1999).
 

 [10]
 

 Hearing on A.B. 544 Before the Assembly Comm, on Judiciary, 70th Leg., at 3 (Nev., April 5, 1999).
 

 [11]
 

 Id.
 
 at 3-4.
 

 [12]
 

 Any undecided petition for relocation in a joint custody case pending before the district court as of the date of this opinion should be treated as though the party had moved for primary custody, regardless of the form or title of the document.
 

 [13]
 

 110 Nev. 437, 874 P.2d 10 (1994).
 

 [14]
 

 NRS 125.510(2) (emphasis added);
 
 see also Truax,
 
 110 Nev. at 438-39, 874 P.2d at 11.
 

 [15]
 

 Such a finding is necessary to avoid frivolous attempts to change custody based upon a false claim of relocation.
 

 [16]
 

 In this case, the Legislature of the State of Nevada and the Family Law Section of the State Bar of Nevada filed amicus curiae briefs in response to our request for their participation in this case. In its brief, the Family Law Section requested that this court address: (1) the definition of joint physical custody, (2) whether joint physical custody for the purposes of NRS 125C.200 has to be equal, (3) whether a specific time share constitutes joint physical custody, and (4) whether joint physical custody is defined by the courts or by the parties. Because these issues were not raised in the context of this appeal, however, we decline to review them at this time.