An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON GINSBACH,
Appellant,
vs.
JENNIFER GINSBACH,
Respondent.

No. 59568 ✓

JASON GINSBACH,
Appellant,
vs.
JENNIFER GINSBACH,
Respondent.

No. 61578

**FILED**

MAY 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE IN DOCKET NO. 59568 AND VACATING DISTRICT COURT ORDER IN DOCKET NO. 61578

These appeals are not consolidated. Docket No. 59568 is a proper person appeal from a district court divorce decree. Eighth Judicial District Court, Clark County; Kenneth E. Pollock, Judge. Docket No. 61578 is a proper person appeal from a district court order granting respondent's motion to relocate to Wisconsin with the parties' three minor children. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

Docket No. 59568

In the divorce decree, the district court awarded respondent primary physical custody of the parties' two youngest children and gave appellant supervised visitation to be expanded upon successful reunification therapy. The court ordered appellant to pay $1,305 in monthly child support and $32,000 in attorney fees to respondent.

In his civil proper person appeal statement, appellant first contends that the district court should have awarded him primary

SUPREME COURT
OF
NEVADA

(O) 1947A

10 - 14487

physical custody of the children based on respondent's severe parental alienation and alleged alcohol use. Under NRS 125.480(1), when determining child custody, the sole consideration of the court is the child's best interest. To determine what custody arrangement is in the child's best interest, the court must consider various statutory factors, NRS 125.480(4), but ultimately, the child custody arrangement rests in the district court's sound discretion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996); *Sims v. Sims*, 109 Nev. 1146, 1148, 865 P.2d 328, 330 (1993). The district court's factual determinations must be supported by substantial evidence. *Rico v. Rodriguez*, 121 Nev. 695, 701, 120 P.3d 812, 816 (2005).

Here, the district court specifically found that respondent had a close bond with the children and had been their primary caregiver, while appellant's relationship with the children was strained due in large part to appellant's behavior. The district court considered that while both parties had contributed to the estrangement between appellant and the children, the primary cause of the estrangement was appellant's conduct, rather than parental alienation by respondent. Having reviewed the record, we conclude that the district court's findings are supported by substantial evidence and that the district court did not abuse its discretion in awarding primary physical custody to respondent. *See Rico*, 121 Nev. at 701, 120 P.3d at 816; *Wallace*, 112 Nev. at 1019, 922 P.2d at 543; *Sims*, 109 Nev. at 1148, 865 P.2d at 330.

Appellant also contends that the district court's child support order was not based on appellant's actual current income because his income had decreased due to the economic downturn. The obligation for support of the noncustodial parent for three children is 29 percent of the

parent's gross monthly income, not to exceed the presumptive maximum amount. NRS 125B.070(1). This court reviews a child support order for an abuse of discretion. *Wallace*, 112 Nev. at 1019, 922 P.2d at 543.

Here, the $1,305 monthly child support award was based on appellant's gross monthly income of $4,500. The district court determined that appellant had historically earned an income as a real estate agent, a sports handicapper, and a gambler, and that he had been less than candid about his income throughout the proceedings. In arriving at the amount, the district court relied on appellant's admissions in various documents and to the court-appointed evaluator. The district court also considered the passive income and monetary gifts that respondent received from her extended family. Having reviewed the record, we conclude that the district court did not abuse its discretion in awarding child support. *See Wallace*, 112 Nev. at 1019, 922 P.2d at 543.

Finally, appellant contends that the district court improperly allowed respondent to spend excessive attorney fees to discover the circumstances surrounding appellant's prior arrest. Appellant also challenges the attorney fees award on the basis that respondent recently inherited money. In awarding attorney fees, however, the court properly considered appellant's contemptuous conduct during the proceedings as well as the need for respondent to enforce appellant's temporary spousal support obligation. The court entered an attorney fees award that was substantially lower than the total fees incurred by respondent. Having reviewed the record, we conclude that the district court did not abuse its discretion in awarding attorney fees. *See* NRS 125.150(3); NRS 125B.140(2)(c)(2); *Miller v. Wilfong*, 121 Nev. 619, 119 P.3d 727 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

Having concluded that appellant's arguments are without merit, we affirm the divorce decree in Docket No. 59568.

Docket No. 61578

While the appeal from the divorce decree was pending, respondent filed a motion in the district court to relocate with the children to Wisconsin.[1] Despite the pending appeal, respondent elected not to follow the procedure for a limited remand as set forth in *Huneycutt v. Huneycutt*, 94 Nev. 79, 575 P.2d 585 (1978), and *Foster v. Dingwall*, 126 Nev. ___, 228 P.3d 453 (2010), to resolve the relocation issue. The district court entered an order granting the motion, allowing respondent to relocate with the children, and modifying appellant's visitation schedule to accommodate the relocation. Appellant filed this appeal.

This court directed respondent to show cause why the district court's order should not be summarily vacated on the basis that the district court lacked jurisdiction to grant relocation while the custody issue was on appeal from the divorce decree. In response, respondent contends that the relocation issue is collateral and would not be affected by any outcome of the first appeal of the divorce decree.[2] Respondent argues that even if the custody decision was reversed on appeal and a

---

[1]The motion for relocation was heard by District Judge Teuton, rather than District Judge Pollock, who entered the divorce decree. Although generally only one judge may preside over the case, certain events led Judge Pollock to recuse himself from the case in March 2012, and the matter was reassigned to Judge Teuton. *See* DCR 18; EDCR 5.42.

[2]Respondent filed a motion to exceed the page length in her response, which appellant opposes. Having considered the parties' arguments, we grant respondent's motion.

different legal standard applied to relocation, the district court would still have permitted respondent to relocate with the children under the particular facts of this case. We disagree.

This court has held that the district court lacks jurisdiction to modify a child custody order that is on appeal, but only retains jurisdiction to decide issues that are independent from and collateral to the appealed order or to enter temporary orders on an emergency basis. *Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529-30 (2006). Here, relocation was not requested on a temporary, emergency basis and pertained directly to the child custody issues that were clearly and directly before this court. In fact, the district court's decision allowing respondent to relocate with the children was predicated on respondent having primary physical custody under the original divorce decree. *See Potter v. Potter*, 121 Nev. 613, 617-18, 119 P.3d 1246, 1249 (2005) (stating that a parent must have primary physical custody of the minor child before filing a petition to relocate with that child under NRS 125C.200). If this court had reversed the custody arrangement on appeal, the relocation order would have been ineffective because respondent could not request relocation under NRS 125C.200 without first having primary physical custody of the children. A different custody arrangement would require the application of a different legal standard in deciding relocation. *Compare Potter*, 121 Nev. at 618, 119 P.3d at 1249 (setting forth the standard to be applied in relocation cases when parents share joint physical custody), *with Schwartz v. Schwartz*, 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991) (setting forth the relocation standard applicable in primary physical custody cases).

Thus, we conclude that the district court lacked jurisdiction to grant respondent's motion to relocate with the children while the appeal from the divorce decree was pending, and we vacate that order. We express no opinion as to the merits of the relocation request, and nothing in our order precludes respondent from reasserting the motion to relocate in the district court.

It is so ORDERED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Kenneth E. Pollock, District Judge
Hon. Robert Teuton, District Judge
Carolyn Worrell, Settlement Judge
Jason William Ginsbach
Willick Law Group
Eighth District Court Clerk

---

[3]On April 24, 2013, respondent filed a motion to strike appellant's April 22, 2013, change of address in both appeals. Having considered the motion, we grant it and direct the clerk of this court to strike the April 22, 2013, change of address in both appeals. Finally, we direct the clerk of this court to file the proper person documents provisionally received from appellant on April 23, 2013. We have considered the proper person motions and other documents filed by appellant, and we conclude that any relief requested therein is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A