An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY HOWARD CLARK,
Appellant,
vs.
JAMIE BETH PERKINS,
Respondent.

No. 67327

FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a fast track child custody appeal from a district court order modifying custody and granting respondent's motion to relocate. Eighth Judicial District Court, Family Court Division, Clark County; Vincent Ochoa, Judge.

While the parties were never married, they share one minor child and they resided together, along with respondent's two sons from a prior relationship, for seven years. When their relationship ended, the parties came before the district court and agreed to joint physical custody. Thereafter, respondent relocated to North Carolina because she lost her job in Nevada and her family was willing to help her with housing and child care in North Carolina.

Because appellant did not consent to the child relocating, respondent filed the underlying motion for primary physical custody and permission to relocate the child to North Carolina, which appellant opposed. The district court held an evidentiary hearing and considered evidence that since respondent relocated, appellant had denied the child telephone contact with respondent's family and the child's half-brothers

15-36028

and had limited the child's telephone visitation with respondent. Additionally, at the evidentiary hearing, respondent, her father, and her friend testified that appellant was stalking and harassing respondent after their relationship ended, which in part led to respondent's relocation. The district court also considered the interviews of the child and his two half-brothers, in which one of the half-brothers stated that appellant had abused him during the time they all resided together and that he is afraid of appellant.

After the evidentiary hearing, the district court granted respondent's motion. The district court found that respondent had a good faith basis for the relocation and that the relocation would be in the child's best interest because, among other reasons, respondent was the party more likely to foster a relationship between the child and the noncustodial parent and the relocation would permit the child to have a relationship with his half-brothers, which would not be possible if the child remained in Nevada because his half-brothers spend their school breaks with their father in Michigan. The district court found that appellant was very uncooperative and resistant to the child having frequent associations with respondent despite respondent's flexible and accommodating approach with appellant's visitation requests. The court also found that the level of conflict between the parties is high and appellant attempts to control respondent and is verbally abusive to her. Further, the court found that appellant's restriction on the child's contact with respondent, her family, and his half-brothers was not done in the child's best interest, but instead to control and ultimately frustrate the child's relationship with

respondent. Thus, the district court awarded respondent primary physical custody and granted her request to relocate the child to North Carolina.

Having considered the parties' arguments and the record on appeal, we conclude that the district court did not abuse its discretion in granting the custody modification and relocation motion. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion); *see also Druckman v. Ruscitti*, 130 Nev., Adv. Op. 50, 327 P.3d 511, 515 (2014). The district court did not abuse its discretion when concluding that respondent had a good faith basis for the relocation because she had lost her job, she had family in North Carolina that was willing to assist her financially and with housing, and she wished to escape appellant's stalking and obsessive behavior. *Druckman*, 130 Nev., Adv. Op. 50, 327 P.3d at 515 (requiring a parent to demonstrate a good faith basis for the relocation). Appellant argues that in determining whether respondent had a good faith basis for the relocation, the district court should not have considered the evidence offered at the evidentiary hearing indicating that appellant was stalking and harassing respondent because those allegations were not included in respondent's motion to relocate. Appellant, however, did not raise this issue below and never challenged the court's consideration of that evidence in regard to whether it established a good faith basis for the relocation, and thus, he has waived this argument. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

In regard to appellant's argument that respondent failed to demonstrate a change in circumstances warranting custody modification,

we conclude that argument lacks merit. The parties had joint physical custody, and therefore, respondent was not required to demonstrate a change in circumstances when requesting a modification of custody. *See Castle v. Simmons*, 120 Nev. 98, 103 n.7, 86 P.3d 1042, 1046 n.7 (2004) ("In joint physical custody cases, the child's best interest is the only factor governing modification."). Further, respondent's relocation to North Carolina prior to the filing of her motion demonstrated a substantial change in circumstances warranting a modification. *Hayes v. Gallacher*, 115 Nev. 1, 7, 972 P.2d 1138, 1141 (1999).

Finally, the district court conducted an evidentiary hearing and entered lengthy factual findings regarding the child's best interest under NRS 125.480 (2009) and each of the factors outlined in *Schwartz v. Schwartz*, 107 Nev. 378, 383, 812 P.2d 1268, 1271 (1991). *See Druckman*, 130 Nev., Adv. Op. 50, 327 P.3d at 515 (requiring the court to consider the *Schwartz* factors along with the child's best interests in resolving a motion to relocate). Such matters are within the district court's sound discretion and appellant has not demonstrated the court abused that discretion. *Wallace*, 112 Nev. at 1019, 922 P.2d at 543. The evidence in the record on appeal shows that the child will be unable to maintain a relationship with his two half-brothers if he remains in Nevada with appellant, NRS 125.480(4)(i) (2009), and that respondent is the parent more likely to foster a relationship between the child and the noncustodial parent, NRS 125.480(4)(c) (2009). Thus, the district court's decision to award respondent primary physical custody and grant her motion to relocate is supported by substantial evidence. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court will not set aside

the district court's factual findings if they are supported by substantial evidence). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Parraguirre

_____, J.
Douglas

CHERRY, J., dissenting:

Because I disagree with my colleagues' decision to affirm the district court's order granting respondent's motion to relocate, I must dissent. The district court improperly relied on respondent's accusations of stalking and harassment in concluding that she established a good faith basis for the relocation because respondent failed to include these allegations in her motion to relocate. If these allegations had been the true basis for respondent's relocation, she would have plainly stated them in her motion. Further, appellant was never convicted of stalking or harassing respondent, and thus, there was not substantial evidence to support those accusations. *See Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court reviews a district court's factual findings for an abuse of discretion and will set them aside when they are not supported by substantial evidence).

_____

[1]We vacate the stay imposed by our July 14, 2015, order.

When looking past those accusations and focusing on respondent's motion to relocate, the primary basis for the motion was respondent's inability to obtain a job in Nevada. Yet, she relocated to North Carolina to work in an entry-level position at Lowes and she conceded that she never applied for the same position at a Lowes located a short distance from her Nevada home. Thus, respondent failed to demonstrate the threshold showing of a good faith basis for the relocation and the district court should have denied her motion on this ground alone. *Druckman v. Ruscitti*, 130 Nev., Adv. Op. 50, 327 P.3d 511, 515 (2014) ("the requesting parent must demonstrate a sensible, good faith reason for the move before the court considers the motion" and failure to do so is grounds to deny the request to relocate (internal quotations omitted)).

If respondent wished to relocate, she had that freedom, but she would do so at the expense of a substantial custodial relationship with her child unless she could prove it was in the child's best interest for her to have primary physical custody. *See Potter v. Potter*, 121 Nev. 613, 618, 119 P.3d 1246, 1249 (2005) ("When a parent with joint physical custody of a child wishes to relocate outside of Nevada with the child, the parent must move for primary physical custody for the purposes of relocating" and the court must consider whether primary custody is in the child's best interest). Here, respondent failed to meet that burden. Before filing her motion to relocate, respondent left the child in appellant's care for more than two months suggesting that she felt the child remaining in Nevada with appellant was in the child's best interest. *See Troxel v. Granville*, 530 U.S. 57, 68 (2000) (explaining that it is presumed that a parent will make decisions that are in their children's best interest). Her departure enabled

appellant to establish a stable environment and routine for the child, which in this case included appellant going to the child's school every day at lunch to check the child's blood sugar levels because of his medical condition. Additionally, the child requested to remain in Nevada with appellant. And, the evidence offered at the evidentiary hearing demonstrated that even prior to respondent's departure, while the parties were together, appellant had been the child's primary caretaker for most of the child's life.

Accordingly, respondent failed to demonstrate why it was in the child's best interest to be uprooted from the parent who had primarily cared for him throughout his life. While her unilateral decision to move necessitated a modification of custody, the fact that she is the mother and she has relocated does not, in and of itself, demonstrate that she is the best parent to have primary physical custody of the child. *Primm v. Lopes*, 109 Nev. 502, 505, 853 P.2d 103, 105 (1993) (concluding that the mother's relocation was properly considered when the district court determined that the child's best interest was served by providing the father with primary physical custody in Nevada). Thus, the district court abused its discretion in determining that it was in the child's best interest for respondent to have primary physical custody and permitting the relocation. *Wallace*, 112 Nev. at 1019, 922 P.2d at 543.

For these reasons, I would reverse the district court's order modifying custody and granting respondent's motion to relocate and remand this matter for further proceedings.

_____, J.
Cherry

(O) 1947A

cc:    Hon. Vincent Ochoa, District Judge, Family Court Division
        M. Nelson Segel, Settlement Judge
        Pecos Law Group
        Barnes Law Group
        Eighth District Court Clerk