An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GIANFRANCO SEBASTIANI
SEMINARIO,
Appellant,
vs.
JESSICA FRANCIS
PIERZCHANOWSKI,
Respondent.

No. 64670

**FILED**

DEC 29 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion for relocation in a child custody action. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

The parties shared joint physical custody of their minor child when respondent filed a motion to relocate to Germany with the child because her new husband was stationed there. While appellant was represented by counsel appearing in an unbundled capacity at an initial hearing and did not retain the same counsel for the evidentiary hearing, the district court denied his request for a continuance. At the evidentiary hearing, the district court heard character evidence regarding appellant's ten-year-old arrest for assault and a temporary protection order that was obtained against him and evidence regarding his failure to pay child support. After considering the *Schwartz v. Schwartz*, 107 Nev. 378, 383, 812 P.2d 1268, 1271 (1991), factors, the district court granted respondent's motion to relocate. The court awarded appellant visitation with the child in Nevada for a four-week period of time in the winter and for an eight-week period of time in the summer and in Germany one weekend every month. The court also ordered that appellant can have daily telephone or Skype contact with the child. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-400066

Having considered the record on appeal and the parties' briefs and oral arguments, we conclude that the district court did not abuse its discretion in granting respondent's motion to relocate to Germany with the child. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). Because the most recent custody order provided that the parties had joint physical custody, respondent was not required to seek appellant's consent to the relocation under NRS 125C.200 (1999) (amended 2015) prior to filing her relocation motion. *Potter v. Potter*, 121 Nev. 613, 617-18, 119 P.3d 1246, 1249 (2005).

Next, because appellant did not timely request a continuance after his attorney withdrew and he failed to take advantage of the list of attorneys willing to take his case that his previous counsel provided to him, the district court did not abuse its discretion in denying his request. *Hopper v. Hopper*, 79 Nev. 86, 88, 378 P.2d 875, 876 (1963) (providing that this court reviews a decision regarding a continuance for an abuse of discretion).

As for appellant's evidentiary arguments, we conclude the district court did not rely on irrelevant or inadmissible evidence in granting respondent's motion because evidence of respondent's pregnancy was relevant to her desire to live with her new husband and evidence of appellant's arrest and the temporary protection order obtained against him was admissible because that evidence went to his character. NRS 50.075 (providing that the credibility of a witness may be attacked by any party). In regard to the evidence of appellant's failure to pay child support, it does not appear that the court relied on this evidence in

making its decision, and regardless, substantial other evidence supports the court's decision.

Finally, because respondent had a good faith basis for the relocation, *Jones v. Jones,* 110 Nev. 1253, 1261, 885 P.2d 563, 569 (1994), and the district court considered both the NRS 125.480(4) (1999) best-interest and *Schwartz* factors, we conclude that the district court did not abuse its discretion in concluding that the relocation was in the child's best interest. Additionally, appellant was awarded substantial visitation that will adequately foster and preserve his parental relationship with the child. Relocation matters force district courts to make difficult decisions but the district court here thoroughly explained its decision and considered all the relevant factors, and thus, we cannot conclude that the court abused its discretion in granting respondent's motion to relocate.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

---

[1]Because the district court held an evidentiary hearing and resolved the motion on its merits, whether respondent made a prima facie case for relocation is no longer relevant. *See generally Hopp v. City of Pittsburgh,* 194 F.3d 434, 439 (3d Cir. 1999) (explaining that when a case is tried on the merits, the question of whether "the plaintiff made out a prima facie case is no longer relevant" (internal quotations omitted)).

cc: Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
Robert E. Gaston, Settlement Judge
David L. Mann
Pecos Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A