# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICK AUGUSTINE LOPEZ,
Appellant,
vs.
MELANIE JENNIFER LOPEZ,
Respondent.

No. 65196

FILED

JAN 2 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order concerning child custody and relocation. Eighth Judicial District Court, Family Court Division, Clark County; Jack B. Ames, Senior Judge.

The parties have two children together, and prior to separating, lived in Las Vegas, Nevada. After they separated, and before custody of the children was finalized, respondent moved to Arizona without the children. Appellant did not consent to the children moving to Arizona, and both parties sought primary physical custody. During the five-month period before the final custody order was issued, the district court allowed the children to remain in Las Vegas with appellant. After a hearing, the district court awarded primary physical custody of the children to respondent in Arizona.

Having considered the parties' oral arguments and briefs, and the record before this court, we conclude that the district court erred when it failed in both the written order and its comments on the record to make specific findings and provide an adequate explanation of the reason for its custody determination. *Davis v. Ewalefo*, 131 Nev., Adv. Op. 45, 352 P.3d 1139, 1143 (2015). Such findings and explanation are crucial for appellate

16-02877

review as well as enforcement and future modification of a custody order. *Id.* And although this court reviews a district court custody determination for an abuse of discretion, "deference is not owed to legal error, or to findings so conclusory they may mask legal error." *Id.* at 1142 (internal citations omitted). Here, the district court's order contains no findings of fact regarding custody or whether relocating to Arizona would serve the children's best interests. *See Druckman v. Ruscitti*, 130 Nev., Adv. Op. 50, 327 P.3d 511, 515 (2014) (providing that when parties share equal custody rights and one seeks to relocate the child, the district court must base its decision on the child's best interest by applying the NRS 125.480(4) (2009) best-interest factors and the *Schwartz v. Schwartz*, 107 Nev. 378, 383, 812 P.2d 1268, 1271 (1991), relocation factors).[1] Additionally, rather than ameliorate the lack of findings in the written order, the district court's oral comments on the record are vague and fail to reference governing law. *Cf. Williams v. Williams*, 120 Nev. 559, 566, 97 P.3d 1124, 1129 (2004) (recognizing that "[r]ulings supported by substantial evidence will not be disturbed on appeal"). The deficiencies in the district court's written order and oral pronouncements prevent this court from evaluating whether "the custody determination was made for appropriate legal reasons." *Davis*, 131 Nev., Adv. Op. 45, 352 P.3d at 1143. Accordingly, we reverse the district court's order awarding respondent primary custody of the children

---

[1]Although the district court's decision was issued before *Druckman*, the case is still controlling law on appeal. *See Leavitt v. Siems*, 130 Nev., Adv. Op. 54, 330 P.3d 1, 5 (2014) (providing that "retroactivity is the default rule [for case law] in civil cases"). Additionally, the district court failed in its comments to reference or apply the controlling law in place at the time of the hearing. *See Potter v. Potter*, 121 Nev. 613, 618, 119 P.3d 1246, 1249 (2005).

in Arizona and remand for additional evidence and proper findings and conclusions of law resolving physical custody and relocation.

Appellant also argues that the district court awarded him temporary primary physical custody of the children while the divorce was pending, and thus, respondent should be held to the more stringent standard for relocating with the children as a non-custodial parent. *See generally Ellis v. Carucci*, 123 Nev. 145, 150, 161 P.3d 239, 242 (2007). The district court oral rulings invoked by appellant, however, did not formally award appellant primary physical custody, and instead merely kept physical custody status quo pending a final resolution. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (providing that oral pronouncements are "ineffective for any purpose"). Thus, appellant was not the children's primary custodian and the parties had equal physical custody rights. *Druckman*, 130 Nev., Adv. Op. 50, 327 P.3d at 515 (providing that when no order addresses physical custody, the parties have equal physical custody rights); *see Potter*, 121 Nev. at 618, 119 P.3d at 1250 (providing that a court may consider "whether one parent had de facto primary custody of the child *prior* to the [relocation] motion" (emphasis added)).

Finally, as to appellant's contention that the district court displayed misconduct during the custody hearing, we conclude that appellant waived this argument by failing to make a specific objection in the district court. *Foley v. Morse & Mowbray*, 109 Nev. 116, 120, 848 P.2d

519, 521 (1993) (explaining that a party who fails to make a specific objection to judicial misconduct at trial waives the argument on appeal).[2]

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. Jack B. Ames, Senior Judge
       Steven C. Devney
       Reisman Sorokac
       Legal Aid Center of Southern Nevada, Inc.
       Anne R. Traum
       Snell & Wilmer, LLP
       Eighth District Court Clerk

---

[2]To the extent that appellant asserts judicial bias that implicates the constitutional due process right to a fair trial, because reversal is warranted on other grounds, we decline to decide this issue. *Miller v. Burk*, 124 Nev. 579, 588-89 & n.26 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court will not decide constitutional questions unless necessary).