OPINION
 

 By the Court, Hardesty, J.:
 

 In this opinion, we conclude that awards of attorney fees to pro bono counsel are proper, provided a legal basis exists and proper factors are applied in making the award. We further hold that in paternity actions, district courts may award attorney fees under NRS 126.171.
 

 FACTS
 

 Sherry Wilfong met Robert Miller, and the two dated but never married or cohabitated. Wilfong became pregnant and gave birth to a daughter in December 2002. The parties do not dispute the child’s paternity. After the child was born, Miller filed a petition to determine paternity. Miller served the petition on Wilfong after the welfare office sought to recoup funds given to Wilfong from
 
 *622
 
 Miller. Miller also sought joint physical custody of the child. During the district court hearings, pro bono counsel represented Wil-fong, and Miller appeared in proper person. Following several hearings, the district court awarded the parties joint legal custody and Wilfong primary physical custody and child support. The court also awarded Wilfong’s counsel $3,000 in attorney fees under our decision in
 
 Sargeant v.
 
 Sargeant.
 
 [1]
 
 Miller appeals, challenging the attorney fee award.
 

 DISCUSSION
 

 We have previously recognized that an award of attorney fees in divorce proceedings will not be overturned on appeal unless there is an abuse of discretion by the district court.
 
 [2]
 

 Initially, we conclude that a party is not precluded from recovering attorney fees solely because his or her counsel served in a pro bono capacity. While Nevada law has been silent on this issue, many courts have concluded that an award of attorney fees is proper, even when a party is represented without fee by a nonprofit legal services organization.
 
 [3]
 

 In addition to the various state courts, the United States Supreme Court has concluded that an award of attorney fees to a nonprofit legal services organization is to be calculated according to the prevailing market rate, stating that “Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization.”
 
 [4]
 

 We agree with these courts and conclude that significant public policy rationales support awarding fees to counsel, regardless of counsel’s service in a pro bono capacity. First, the fact that a gov
 
 *623
 
 ernment institution or private charity has provided legal assistance should not absolve other responsible parties of their financial obligations. For example, when pro bono counsel assist a parent in a custody or child support dispute, the wealthier parent should not be relieved of an obligation to pay attorney fees. Further, in domestic matters, one partner has often created or contributed to the other partner’s limited financial means by leaving the household, failing to remit child support, drawing funds from a shared account, or other similar conduct. In those cases, if fees are not awarded to pro bono counsel, a wealthier litigant would benefit from creating conditions that force the other party to seek legal aid. In addition, pro bono counsel serve an important role in the legal system’s attempt to address the unmet needs of indigent and low-income litigants within our state. To impose the burden of the cost of litigation on those who volunteer their services, when the other party has the means to pay attorney fees, would be unjust.
 

 Although we conclude that attorney fee awards to pro bono counsel are proper, two requirements must still be met before granting such an award. First, “[i]t is well established in Nevada that attorney’s fees are not recoverable unless allowed by express or implied agreement or when authorized by statute or rule.”
 
 [5]
 
 Thus, parties represented by pro bono counsel seeking attorney fees must identify the legal basis for the award.
 

 Second, while it is within the trial court’s discretion to determine the reasonable amount of attorney fees under a statute or rule, in exercising that discretion, the court must evaluate the factors set forth in
 
 Brunzell
 
 v.
 
 Golden Gate National Bank.
 

 [6]
 

 Under
 
 Brunzell,
 
 when courts determine the appropriate fee to award in civil cases, they must consider various factors, including the qualities of the advocate, the character and difficulty of the work performed, the work actually performed by the attorney, and the result obtained.
 
 [7]
 
 We take this opportunity to clarify our jurisprudence in family law cases to require trial courts to evaluate the
 
 Brunzell
 
 factors when deciding attorney fee awards.
 
 [8]
 
 Additionally, in
 
 Wright
 
 v.
 
 Osburn,
 
 this court stated that family law trial courts must also consider the disparity in income of the parties when awarding fees.
 
 [9]
 
 Therefore, parties seeking at
 
 *624
 
 torney fees in family law cases must support their fee request with affidavits or other evidence that meets the factors in
 
 Brunzell
 
 and
 
 Wright.
 

 In this case, the district court granted attorney fees under our
 
 Sargeant
 
 v. Sargeant
 
 [10]
 
 decision. In
 
 Sargeant,
 
 we concluded that the district court had not abused its discretion in awarding approximately $50,000 in attorney fees to the wife in a divorce proceeding. We noted that without the district court’s assistance, the wife would have been required to liquidate her savings and jeopardize her financial future in order to meet her adversary in court on an equal basis.
 
 [11]
 

 Sargeant
 
 does not apply in paternity cases; its application is limited to divorce proceedings. Additionally, even if
 
 Sargeant
 
 were not limited to the divorce context, the financial hardship concern is not present here, as Wilfong was represented in the proceedings by pro bono counsel. Thus,
 
 Sargeant
 
 was an inappropriate basis on which to award fees.
 

 While
 
 Sargeant
 
 was not an appropriate basis on which to award attorney fees in this case, NRS 126.171 authorized the fee award. This statute provides that “[in paternity actions,] [t]he court may order reasonable fees of counsel ... to be paid by the parties in proportions and at times determined by the court.” NRS 126.171 is based on section 16 of the Uniform Parentage Act (UPA).
 
 [12]
 
 The comment to section 16 explains that the provision permits the court to apportion the “cost of litigation” among the parties.
 
 [13]
 

 When a statute has a definite and ordinary meaning, this court will not look beyond the statute’s plain language.
 
 [14]
 
 NRS 126.171 and section 16 of the UPA are clear and unambiguous concerning the division of counsel fees between the parties.
 

 The district court did not abuse its discretion in awarding Wil-fong $3,000 in attorney fees. The record reveals that Wilfong’s
 
 *625
 
 counsel is an able advocate, the work was difficult, the result was favorable to Wilfong and counsel provided the equivalent of $27,000 in time in representing Wilfong.
 
 [15]
 
 The district court found that there was a disparity in income.
 

 The final issue we consider is Wilfong’s contention that errors in Miller’s brief justify an award of sanctions. Various Nevada Rules of Appellate Procedure apply to briefs submitted to this court. NRAP 28(a)(4), for example, requires that an appellant’s brief include an argument that contains “the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.” NRAP 30 requires the filing of an appendix and provides that “[i]f an . . . appendix is so inadequate that justice cannot be done without requiring inclusion of documents in the respondent’s appendix which should have been in the appellant’s appendix . . . the court may impose monetary sanctions.”
 
 [16]
 

 Further, as we recognized in
 
 Barry
 
 v.
 
 Lindner,
 
 “[tjhis court expects all appeals to be pursued with high standards of diligence, professionalism, and competence” and “may impose sanctions against appellate counsel for failing to comply with the [NRAP]. ‘We intend to impress upon the members of the bar our resolve to end the lackadaisical practices of the past and to enforce the [NRAP].’ We again must impress upon the practitioners . . . that we will not permit flagrant [NRAP] violations . . . .”
 
 [17]
 

 Miller’s brief, signed by John T. Kelleher, is notably deficient and untimely. Several errors in the brief suggest that appellant’s counsel carelessly prepared the brief. Miller does not provide any citations to the record in the opening brief and provides only one document, the order granting attorney fees, in the appendix. The substance of the brief, set forth in three pages, lacks relevant facts and legal analysis. For instance, page 4 of the opening brief is titled “Respondent’s Answering Brief,” and Kelleher mixes various law office addresses throughout the brief. The brief is submitted on stationery from a nonexistent firm. Kelleher failed to correct these deficiencies after he was directed to do so by this court.
 

 Further, a review of the docket sheet for this appeal shows that counsel failed to diligently pursue the appeal. The notice of appeal
 
 *626
 
 was filed in April 2004; however, by September 2004, counsel had failed to file an opening brief. Counsel was contacted by this court and was given fifteen days to file and serve the requisite documents. In October, this court again contacted Kelleher, returning the filed brief because of a missing table of contents and table of cases. This court again notified Kelleher that the appendix was deficient and failed to meet the requirements in NRAP 30(b)(2).
 

 On these facts, there is little doubt that Miller’s pursuit of this appeal was wholly deficient and worthy of sanctions. Wilfong argues that Miller’s deficiencies caused Wilfong’s counsel to assume the financial burden of adequately preparing the court to consider the issues raised on appeal. Wilfong further argues that a monetary fine would be ineffective in curtailing the blatant rule violations demonstrated by Kelleher. To discourage like conduct in the future and to reiterate that this court will not tolerate lackadaisical practices in the pursuit of appellate relief, we impose sanctions on Miller’s counsel personally. Thus, we sanction John T. Kelleher in the sum of $500. Kelleher shall remit the sum to the Clark County Pro Bono Project within thirty days of the date that this opinion is filed and shall file written proof of payment with the clerk of this court within the same time period.
 
 [18]
 
 Additionally, this matter shall be referred to the State Bar of Nevada for investigation of any appropriate disciplinary action.
 

 CONCLUSION
 

 We affirm the judgment of the district court
 
 [19]
 
 and conclude that attorney fee awards to pro bono counsel are proper, provided that a legal basis exists and the proper factors are applied to support an award. Attorney fees may be awarded in paternity actions pursuant to NRS 126.171.
 

 Becker, C. L, Rose, Maupin, Gibbons, Douglas and Parraguirre, JJ., concur.
 

 [1]
 

 88 Nev. 223, 495 P.2d 618 (1972).
 

 [2]
 

 Schwartz
 
 v.
 
 Schwartz,
 
 107 Nev. 378, 386, 812 P.2d 1268, 1273 (1991);
 
 Kantor
 
 v.
 
 Kantor,
 
 116 Nev. 886, 896, 8 P.3d 825, 831 (2000).
 

 [3]
 

 Martin
 
 v.
 
 Tate,
 
 492 A.2d 270, 274 (D.C. 1985);
 
 In re Marriage of Brockett,
 
 474 N.E.2d 754, 756 (Ill. App. Ct. 1984);
 
 Butler v. Butler,
 
 376 So. 2d 287, 287 (Fla. Dist. Ct. App. 1979);
 
 In re Marriage of Gaddis,
 
 632 S.W.2d 326, 329 (Mo. Ct. App. 1982);
 
 Ferrigno v. Ferrigno,
 
 279 A.2d 141, 142 (N.J. Super. Ct. Ch. Div. 1971);
 
 Sellers
 
 v.
 
 Wollman,
 
 510 F.2d 119, 123 (5th Cir. 1975) (holding that it is proper to award attorney fees to legal aid society in Truth-in-Lending Act action);
 
 Folsom
 
 v.
 
 Butte County Ass’n of Governments,
 
 652 P.2d 437, 447 n.26 (Cal. 1982) (concluding that an attorney fee award is proper to a legal service organization in a suit to enforce a public transportation law).
 

 [4]
 

 Blum v. Stenson,
 
 465 U.S. 886, 894 (1984).
 

 [5]
 

 Schouweiler
 
 v.
 
 Yancey Co.,
 
 101 Nev. 827, 830, 712 P.2d 786, 788 (1985).
 

 [6]
 

 85 Nev. 345, 349, 455 P.2d 31, 33 (1969).
 

 [7]
 

 Id.
 
 at 349, 455 P.2d at 33.
 

 [8]
 

 See Ellett
 
 v.
 
 Ellett,
 
 94 Nev. 34, 40, 573 P.2d 1179, 1182-83 (1978).
 

 [9]
 

 114 Nev. 1367, 1370, 970 P.2d 1071, 1073 (1998).
 

 [10]
 

 88 Nev. 223, 495 P.2d 618.
 

 [11]
 

 Id.
 
 at 227, 495 P.2d at 621.
 

 [12]
 

 See
 
 Hearing on S.B. 294 Before Senate Comm, on Judiciary, 60th Leg., at 2 (Nev., March 14, 1979) (statement of Walt Lloyd, Deputy Attorney General, that the “bulk” of S.B. 294 is the UPA, with “some modifications”).
 

 [13]
 

 Unif. Parentage Act § 16 cmt. (1973), 9B U.L.A. 480 (Master Edition 2001).
 

 [14]
 

 Harris Assoc.
 
 v.
 
 Clark County Sch. Dist.,
 
 119 Nev. 638, 641-42, 81 P.3d 532, 534 (2003).
 

 [15]
 

 Wilfong did not challenge the amount of attorney fees through a cross-appeal. Thus, this court does not consider whether additional fees may have been warranted.
 

 [16]
 

 NRAP 30(g)(2).
 

 [17]
 

 Barry v.
 
 Lindner,
 
 119 Nev. 661, 671-72, 81 P.3d 537, 543-44 (2003) (quoting
 
 Smith
 
 v.
 
 Emery,
 
 109 Nev.
 
 737,
 
 743, 856 P.2d 1386, 1390 (1993)).
 

 [18]
 

 In lieu of payment of the monetary sanction, Kelleher may provide five hours of pro bono service to the Clark County Pro Bono Project within ninety days from the date this opinion is filed.
 

 [19]
 

 Rosenstein
 
 v.
 
 Steele,
 
 103 Nev. 571, 575, 747 P.2d 230, 233 (1987) (stating that “this court will affirm the order of the district court if it reached the correct result, albeit for different reasons”).