# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY MICHAEL STINZIANO,
Appellant,
vs.
AMBER MARIE WALLEY,
Respondent.

No. 63113

**FILED**

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a motion to relocate with the minor child and awarding child support and attorney fees and costs. Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge.

The parties have never been married and have one minor son. Appellant filed a motion for joint legal and physical custody of their child, while respondent filed a motion for joint legal custody, primary physical custody, and to relocate with the child to Ohio, where both appellant and respondent were raised and where their extended families reside. The district court granted respondent's motion, ordered appellant to pay child support, and awarded respondent $6,500 in attorney fees and costs. This appeal followed.

On appeal, appellant challenges the district court's order allowing respondent to relocate with the child to Ohio, arguing that respondent did not have a good-faith reason for the relocation and did not meet the *Schwartz* factors. *See Schwartz v. Schwartz*, 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991). Appellant further contends that the district court should have treated the parties as having equal custody rights to the child in granting respondent's motion for relocation. Appellant alleges that the district court improperly found that respondent

14-37612

had de facto primary custody because respondent cared for the child full-time during maternity leave, while appellant was employed full-time.

Before the district court considers a motion to relocate, the requesting parent must demonstrate a good-faith basis for the move. *Cook v. Cook*, 111 Nev. 822, 827, 898 P.2d 702, 705-06 (1995). Where the parents have equal custody rights to their child, and the requesting parent is able to demonstrate a good-faith reason, the district court must decide whether it is in the child's best interest to relocate with the requesting parent and live in a different state, or to stay in Nevada with the other parent. *Potter v. Potter*, 121 Nev. 613, 618, 119 P.3d 1246, 1250 (2005); *see also Druckman v. Ruscitti*, 130 Nev. ___, ___, 327 P.3d 511, 514 (2014) (concluding that unmarried parents have equal custody rights to their children, unless there is a judicial custody order to the contrary). In conducting its best-interest analysis, the district court must consider the factors laid out in *Schwartz v. Schwartz*, 107 Nev. 378, 382-83, 812 P.2d 1268, 1271 (1991). *Druckman* 130 Nev. at ___, 327 P.3d at 515.

Having considered the parties' arguments and the record on appeal, we conclude that the district court did not abuse its discretion in granting respondent's motion to relocate with the child to Ohio. *Wallace v. Wallace*, 112 Nev. 1015, 1019-20, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). The record shows that respondent demonstrated the following good-faith reasons for the move to Ohio: she had an employment opportunity in Ohio; she and the minor child had extensive family support in Ohio, including appellant's extended family; she and the child would be able to live rent free with her family; and the minor child would be cared for by his maternal grandmother free of charge at her day care. *See Druckman*, 130 Nev. at ___, 327 P.3d at 515; *Cook*, 111 Nev. at 827, 898 P.2d at 705-06.

Thus, the district court properly considered respondent's relocation motion. *Druckman*, 130 Nev. at ___, 327 P.3d at 515.

Appellant argues that the district court did not consider the *Schwartz* factors, as required by this court's recent opinion in *Druckman*. *Druckman*, 130 Nev. at ___, 327 P.3d at 515. But a review of the record on appeal and the district court's order shows that the parties addressed the *Schwartz* factors in their pleadings in the district court, and the district court's order made findings that satisfied each of the five *Schwartz* factors. Accordingly, we conclude that the district court's order complies with *Druckman*'s requirements. *Id.*

As to appellant's argument that the district court improperly found that respondent had de facto primary custody of the minor child, the record shows that the district court did not apply NRS 125C.200, which is applicable in cases where one party has primary custody and seeks to relocate with the child outside of Nevada, in its consideration of respondent's motion for relocation. The district court's order therefore complies with this court's holding in *Druckman* that NRS 125C.200 does not apply in instances of unmarried parents when a judicial custody order has not already been entered. *Druckman*, 130 Nev. at ___, 327 P.3d at 514. Based on the foregoing, we conclude that the district court did not abuse its discretion in granting respondent's motion for relocation.

Appellant next contends that the district court abused its discretion when it allowed for only a $200 per month downward deviation in child support to offset appellant's travel costs. *See Wallace*, 112 Nev. at 1019, 922 P.2d at 543 (providing that this court reviews child support orders for an abuse of discretion). As the district court complied with the requirements of NRS 125B.080(9)(i) by considering the cost of the transportation of the minor child and/or appellant for visitation and

adjusting the amount of support due, appellant has not shown that the district court abused its discretion in determining child support.

Lastly, appellant argues that the district court improperly awarded respondent $6,500 in attorney fees and costs. This court reviews a district court's award of attorney fees and costs for an abuse of discretion. *Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005). A district court can only award attorney fees and costs when authorized by statute, contract, or rule. *Id.* at 623, 119 P.3d at 730. The record shows that the district court awarded respondent attorney fees and costs on the basis that appellant's misconduct in violating court orders, refusing to cooperate with custodial exchanges and travel arrangements, and unilaterally deducting unwarranted sums from his court ordered child support obligation "needlessly increased the cost of this litigation," citing to EDCR 7.60(b), NRS 7.085, and NRS 18.010.[1] As such, the district court did not abuse its discretion in awarding the attorney fees and costs.

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                        Cherry

---

[1]We note that NRS 125C.250 allows the district court to award attorney fees in a child custody action, but was not effective until after this case was decided.

cc: Hon. William S. Potter, District Judge, Family Court Division
Sterling Law, LLC
Fine Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A