An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDON BUSSE,
Appellant,
vs.
DANIELLE BUSSE,
Respondent.

No. 67229

**FILED**

JUL 2 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a fast track child custody appeal from a district court order granting a motion to relocate with the minor children. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.

In 2004, the parties moved from Wisconsin to Las Vegas, Nevada, where they thereafter had two children. In 2012, the parties stipulated to a divorce decree that provided respondent with primary physical custody subject to appellant's visitation. Appellant has been spending more time with the children than provided for in the divorce decree but did not modify the divorce decree or obtain joint custody status. In July 2014, respondent filed a motion for permission to relocate with the children to Wisconsin, which the district court granted after conducting an evidentiary hearing. Appellant brought this appeal.

Appellant first argues that the district court abused its discretion when it analyzed respondent's relocation request under the legal framework applied for primary physical custodians, rather than the joint physical custody standard. If the party seeking to relocate has primary physical custody of the children, the court must apply the analysis provided in *Schwartz v. Schwartz*, 107 Nev. 378, 812 P.2d 1268

SUPREME COURT
OF
NEVADA

(O) 1947A

15-22326

(1991). If the parents share joint physical custody, the analysis differs. *See Druckman v. Ruscitti*, 130 Nev., Adv. Op. 50, 327 P.3d 511, 515-16 (2014); *Potter v. Potter*, 121 Nev. 613, 618, 119 P.3d 1246, 1249-50 (2005). When classifying a physical custody arrangement as joint or primary, courts should primarily consider whether joint or primary custody is in the children's best interest, while also inquiring whether each parent has custody at least 40 percent of the time. *See Bluestein v. Bluestein,* 131 Nev., Adv. Op. 14, 345 P.3d 1044, 1049 (2015). The district court considered respondent's openness in allowing frequent contact between appellant and the children, and found this demonstrated good co-parenting which enriched the children's lives, but also weighed in favor of maintaining respondent's status as primary physical custodian. The court also considered the parties' similar but different custody calendars and heard evidence regarding the parties' timeshare. The district court's conclusion that respondent maintained primary custody, and thus, that the *Schwartz* analysis applied, is supported by substantial evidence and was not an abuse of discretion. *See Bluestein,* 131 Nev., Adv. Op. 14, 345 P.3d at 1049 (providing that a district court has broad discretion in matters of child custody); *Ogawa v. Ogawa,* 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that this court will uphold district court factual findings if supported by substantial evidence).

Appellant next argues that the district court abused its discretion when it determined that the *Schwartz* relocation factors weighed in favor of relocation. Specifically, appellant asserts that there was no evidence that respondent's or the children's quality of life would improve upon relocation, and that appellant's alternative visitation would not sufficiently foster and preserve his parental relationship with the

children. *See Schwartz*, 107 Nev. at 382-83, 812 P.2d at 1271 (factors (1) and (5)). The district court, however, specifically considered both of these factors when it weighed the totality of the *Schwartz* factors and found that they counseled in favor of the relocation. Additionally, substantial evidence supports the district court's factual findings as to each factor. *Ogawa*, 125 Nev. at 668, 221 P.3d at 704.

Finally, appellant challenges the district court's award of attorney fees. Under NRS 125.040, a district court may award attorney fees to a party in a divorce action. The award of attorney fees in divorce proceedings lies within the sound discretion of the trial judge. *Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005). Although appellant argues that the $3,500 awarded was unfair because certain motion practice could have been avoided and because appellant lost the relocation motion, appellant has not demonstrated that the district court's attorney fee award was an abuse of discretion. *See id.*

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.        _____, J.
Gibbons                             Pickering

---

[1]We have determined that this appeal should be submitted for decision on the fast track briefing and appellate record without oral argument. *See* NRAP 3E(g)(1); NRAP 34(f)(1).

cc: Hon. Bryce C. Duckworth, District Judge, Family Court Division
McFarling Law Group
Fine Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A