# IN THE SUPREME COURT OF THE STATE OF NEVADA

KIRK ROSS HARRISON,
Appellant/Cross-Respondent,
vs.
VIVIAN MARIE LEE HARRISON,
Respondent/Cross-Appellant.

No. 66072

FILED

OCT 14 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal and cross-appeal from a post-divorce decree order awarding attorney fees and costs. Eighth Judicial District Court, Family Court Division, Clark County; Bryce C. Duckworth, Judge.

During the divorce proceedings, each party received $550,343.25 in community property earmarked to pay their attorney fees and costs, but appellant/cross-respondent Kirk Harrison only incurred $469,864.17 and respondent/cross-appellant Vivian Harrison incurred $686,341.33. As an attorney, Kirk assisted his legal team in drafting pleadings, and thus, reduced his legal fees. The district court awarded Vivian $40,240 in attorney fees, which represented one-half of the amount the court concluded Kirk's legal work saved the community, under *Sargeant v. Sargeant*, 88 Nev. 223, 495 P.2d 618 (1972); $46,000 in attorney fees related to the parties' motion practice for attorney fees and costs; and $5,000 in attorney fees as a discovery sanction against Kirk, for a total of $91,240. Both parties appealed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court abused its discretion in awarding Vivian $40,240 in attorney fees under *Sargeant*. *Miller v.*

*Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005) (explaining that this court reviews an award of attorney fees for an abuse of discretion). Because the $40,240 was Vivian's one-half share of the savings to the community as a result of Kirk's legal work, however, we affirm the award as a community property equalization payment.[1] *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (explaining that this court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason); *see generally Lake v. Bender*, 18 Nev. 361, 392, 4 P. 711, 728 (1884) (recognizing that profits from the effort or skill of one spouse belong to the community), *abrogated in part by Johnson v. Johnson*, 89 Nev. 244, 246, 510 P.2d 625, 626 (1973) (providing that if the value of separate property increases both from the investment of the separate property and from the labor of a spouse, then the profits must be split between the separate property and the community property).

We further affirm the district court's $5,000 attorney fees award to Vivian because the court did not abuse its discretion in sanctioning Kirk for failing to timely respond to Vivian's discovery

---

[1]Vivian's argument that she was entitled to an additional community property equalization payment for the funds Kirk received for his attorney fees and costs but never incurred lacks merit. The $40,240 award reflects Vivian's one-half share of the $80,479.08 in community funds provided to Kirk to pay for his legal expenses that he never spent.

We also affirm the award of $46,000 in attorney fees related to the parties' motion practice for attorney fees that was not based on *Sargeant* because neither party has cogently challenged this award. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

requests. *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 249, 235 P.3d 592, 596 (2010) (providing that this court reviews the imposition of a sanction for an abuse of discretion). Additionally, the court did not abuse its discretion by denying Kirk's motion for equitable relief, attorney fees, and declaratory relief as substantial evidence supported the court's conclusion that Vivian's attorney fees were reasonable.[2] *Miller*, 121 Nev. at 622, 119 P.3d at 729; *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004) (explaining that relying on factual findings that are supported by substantial evidence is not an abuse of discretion). Similarly, the district court did not abuse its discretion in denying Vivian's request for additional attorney fees or to sanction Kirk in relation to his allegations concerning Vivian's mental health. *Miller*, 121 Nev. at 622, 119 P.3d at 729; *Bahena*, 126 Nev. at 249, 235 P.3d at 596. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[2]In regard to Kirk's argument that family court litigants are discouraged from filing partial summary judgment motions concerning financial issues prior to the resolution of child custody, because he never filed a motion for partial summary judgment in the district court, he cannot raise this issue on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981); *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981).

cc: Hon. Bryce C. Duckworth, District Judge, Family Court Division
Lansford W. Levitt, Settlement Judge
Kainen Law Group
Kirk R. Harrison
Lemons, Grundy & Eisenberg
Standish Naimi Law Group
Silverman, Decaria & Kattelman, Chtd.
Radford J. Smith, Chtd. D/B/A Smith & Taylor
Eighth District Court Clerk