IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROBERT N. PECCOLE; AND NANCY A. PECCOLE,<br>Appellants,<br>vs.<br>FORE STARS, LTD., A NEVADA LIMITED LIABILITY COMPANY; 180 LAND CO., LLC, A NEVADA LIMITED LIABILITY COMPANY; SEVENTY ACRES, LLC, A NEVADA LIMITED LIABILITY COMPANY; EHB COMPANIES, LLC, A NEVADA LIMITED LIABILITY COMPANY; YOHAN LOWIE, AN INDIVIDUAL; VICKIE DEHART, AN INDIVIDUAL; AND FRANK PANKRATZ, AN INDIVIDUAL,<br>Respondents. | No. 72410 |



**FILED**

OCT 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

| | |
|---|---|
| ROBERT N. PECCOLE; AND NANCY A. PECCOLE, INDIVIDUALS,<br>Appellants,<br>vs.<br>FORE STARS, LTD., A NEVADA LIMITED LIABILITY COMPANY; 180 LAND CO., LLC, A NEVADA LIMITED LIABILITY COMPANY; SEVENTY ACRES, LLC, A NEVADA LIMITED LIABILITY COMPANY; EHB COMPANIES, LLC, A NEVADA LIMITED LIABILITY COMPANY; YOHAN LOWIE, AN INDIVIDUAL; VICKIE DEHART, AN INDIVIDUAL; AND FRANK PANKRATZ, AN INDIVIDUAL,<br>Respondents. | No. 72455 |

## ORDER OF AFFIRMANCE

These consolidated appeals are from district court orders awarding attorney fees and costs and denying NRCP 60(b) relief from a

18-40859

dismissal order in a real property dispute.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

This case arises out of a dispute appellants have with respondents, who are planning to develop property on which a golf course is presently located, and which appellants argue is subject to development restrictions under the Master Declaration of Covenants, Conditions, Restrictions and Easements (CC&Rs) for the Queensridge community in Las Vegas where appellants reside. Appellants sued respondents for injunctive relief and damages based on theories of impaired property rights and fraud. The district court dismissed appellants' complaint and then denied appellants' motion for NRCP 60(b) relief. Additionally, the district court awarded respondents a total of $128,131.22 in attorney fees and costs. These appeals followed.

First, appellants argue that the district court abused its discretion in denying NRCP 60(b) relief by relying on an invalid amendment to the CC&Rs in concluding that the golf course property was not subject to the CC&Rs. Because the record supports the district court's determination that the golf course land was not part of the Queensridge community under the original CC&Rs and public maps and records, regardless of the amendment, we conclude the district court did not abuse its discretion in denying appellants' motion for NRCP 60(b) relief. *Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (providing that the district court has

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

broad discretion in deciding whether to grant or deny an NRCP 60(b) motion to set aside a judgment, and this court will not disturb that decision absent an abuse of discretion).

Second, appellants contend that the district court violated their procedural due process rights by awarding respondents attorney fees and costs without first holding an evidentiary hearing. We disagree. An evidentiary hearing is not required before an award of attorney fees and costs. *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (providing that the requirement of "an opportunity to be heard" before sanctions may issue "does not require [the court to hold] an oral or evidentiary hearing on the issue"). Appellants had notice of respondents' motions for attorney fees and costs and took advantage of the opportunity to respond to those requests in writing and orally. *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007) (recognizing that due process requires notice and opportunity to be heard). Thus, we conclude the district court did not violate appellants' due process rights by failing to hold an evidentiary hearing before awarding respondents attorney fees and costs.

Lastly, appellants assert that appellant Robert Peccole's preparation, research, and 55-year legal career demonstrate that the attorney fees and costs award as a sanction was improper. NRS 18.010(2)(b) permits the district court to award attorney fees to a prevailing party when the court finds that the claim "was brought or maintained without reasonable ground or to harass the prevailing party." Additionally, EDCR 7.60(b) allows the district court to impose a sanction including attorney fees

and costs when an attorney or party "without just cause. . . [p]resents to the court a motion or an opposition to a motion which is obviously frivolous, unnecessary or unwarranted. . . [or] multiplies the proceedings in a case as to increase costs unreasonably and vexatiously."

Appellants filed a complaint alleging the golf course land was subject to the CC&Rs when the CC&Rs and public maps of the property demonstrated that the golf course land was not. Further, after the district court denied appellants' first motion for a preliminary injunction and explained its reasoning, appellants filed a second almost identical motion, a motion for rehearing of the denial of one of those motions, and a renewed motion for preliminary injunction, all of which included the same facts or argument. Additionally, the district court repeatedly warned appellants that they were too close to the issue to see it clearly or accept any of the court's decisions and despite this warning, they continued to file repetitive and meritless motions. The district court limited the award to fees and costs incurred in defending the repetitive motions and issued specific findings regarding each of the factors set forth in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969), and the record supports the amount awarded. *See Miller v. Wilfong*, 121 Nev. 619, 623, 119 P.3d 727, 730 (2005) (requiring the district court to consider the *Brunzell* factors when awarding attorney fees). Further, Robert's extensive experience as an attorney is not a factor under *Brunzell* and because the district court was within its discretion to award attorney fees and costs for the repetitive and frivolous parts of the litigation, it is unclear how Robert's extensive legal career would make the award improper. Thus, we conclude the district court did not abuse its discretion in awarding respondents attorney fees and costs. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330, 130 P.3d 1280,

1288 (2006) (explaining that this court will not overturn a district court's decision to award attorney fees and costs as a sanction absent a manifest abuse of discretion). Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Stiglich

cc: Hon. Douglas Smith, District Judge
   Ara H. Shirinian, Settlement Judge
   Peccole & Peccole, Ltd.
   The Jimmerson Law Firm, P.C
   Sklar Williams LLP
   EHB Companies, LLC
   Eighth District Court Clerk