IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT TERRY,
Appellant,
vs.
DYAN TERRY,
Respondent.

No. 79078

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order modifying visitation and awarding attorney fees in a child custody case. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant argues the district court abused its discretion by modifying his visitation in a way that does not define the visitation with sufficient particularity because it permits the teenage child to modify or cancel visitations. The teenage-discretion provision is not insufficiently particular as it leaves nothing up to the different interpretations of the parties. *See* NRS 125C.010(2) (providing that a custody order is not sufficiently particular if it uses terms that are "susceptible to different interpretations by the parties"). Further, a teenager-discretion provision is not against public policy and the district court need not get involved in weekly schedule changes that generally fall into "the private realm of family life." *Harrison v. Harrison*, 132 Nev. 564, 569, 376 P.3d 173, 176-77 (2016). Thus, we conclude the district court did not abuse its discretion in modifying appellant's visitation and we affirm this part of the district court order. *Ellis v. Carucci*, 123 Nev. 145, 149, 161 P.3d 239, 241 (2007) (explaining

20-18580

that this court reviews child custody determinations for an abuse of discretion).

Next, appellant contends the district court abused its discretion by ordering him to reimburse respondent for the child's out-of-pocket medical expenses related to medical provider Elaine White within 30 days of the court's order when he has never been provided proof of those medical expenses. The district court had previously ordered the parties to equally divide the child's out-of-pocket medical expenses. The court also ordered that each party must pay their share within 30 days of receiving a bill from the other parent or the medical provider showing the balance due. Respondent's counsel conceded at the hearing that respondent has stopped providing appellant with proof of the child's out-of-pocket medical expenses. Thus, because nothing in the record indicates respondent provided appellant with bills showing the out-of-pocket expenses for medical services provided by Elaine White, we conclude the district court abused its discretion by ordering appellant to pay one half of those expenses without first requiring respondent to provide billing documentation. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (explaining that this court reviews a child support order for an abuse of discretion). Accordingly, we vacate the portion of the district court order directing appellant to pay those medical expenses.

Lastly, appellant argues the district court abused its discretion by awarding respondent $500 in attorney fees. At the hearing, the district court awarded the attorney fees, stating that it did not "think [appellant has] been doing what [he] should be doing." The district court order does not provide factual findings or a legal basis for this award. *Albios v. Horizon Cmtys., Inc.*, 122 Nev. 409, 417, 132 P.3d 1022, 1028 (2006) (explaining that

the district court generally may not award attorney fees absent authority under a statute, rule, or contract). To the extent the district court awarded the attorney fees as a sanction, it is unclear from the record the basis or the authority for the sanction. Additionally, the district court did not consider the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31 (1969) factors. *See Miller v. Wilfong*, 121 Nev. 619, 623, 119 P.3d 727, 730 (2005) (providing that the district court must consider the *Brunzell* factors when awarding attorney fees). Thus, we conclude the district court abused its discretion in ordering appellant to pay $500 in attorney fees to respondent, *see Miller*, 121 Nev. at 729, 119 P.3d at 622 (explaining that this court reviews an attorney fees award for an abuse of discretion), and we reverse that award. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART, VACATED IN PART, AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. James Todd Russell, District Judge
Carolyn Worrell, Settlement Judge
The Kidder Law Group, Ltd.
Allison W. Joffee
Carson City Clerk