# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHANE JENSEN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SANDRA L. POMRENZE, DISTRICT
JUDGE,
Respondents,
and
CAROLINE JENSEN,
Real Party in Interest.

No. 80481



FILED

JUL 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS IN PART AND DENYING IN PART*

This original petition for a writ of mandamus or other extraordinary relief challenges a district court order disqualifying counsel from representing petitioner in the underlying post-divorce decree proceedings regarding child custody and support modification and awarding attorney fees and costs. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge.

Prior to their divorce, petitioner Shane Jensen and real party in interest Caroline Jensen contacted Robert Dickerson of The Dickerson Karacsonyi Law Group (TDKLG) for mediation services. While they ultimately did not mediate their divorce, Caroline alleges she had a separate conversation with Dickerson where she sought advice on child custody and financial matters. Dickerson denies this conversation ever took place. Three years after the divorce, Shane hired TDKLG to represent him in post-divorce decree proceedings. The district court disqualified TDKLG

SUPREME COURT
OF
NEVADA

(O) 1947A

20-24374

based on Caroline's conversation with Dickerson. The district court also awarded Caroline $26,486.38 in attorney fees and costs related to the disqualification issue.

*The district court did not abuse its discretion in disqualifying TDKLG*

"A writ of mandamus is available to compel the performance of an act that the law requires ... or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); NRS 34.160. The district court has broad discretion in attorney disqualification matters, and this court will not overturn the district court's decision absent a manifest abuse of discretion. *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 54, 152 P.3d 737, 743 (2007). Disqualification may be necessary to prevent disclosure of confidential information that may be used to an adverse party's disadvantage. *See id.* at 53, 152 P.3d at 743. "[D]oubts should generally be resolved in favor of disqualification." *Brown v. Eighth Judicial Dist. Court*, 116 Nev. 1200, 1205, 14 P.3d 1266, 1270 (2000).

Under RPC 1.18(a), "[a] person who consults with a lawyer about the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client." Under RPC 1.18(c), a lawyer shall not represent a client with adverse interests to a prospective client in the same "matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter."

We conclude the district court did not abuse its discretion in finding that Dickerson could have received confidential information. Caroline alleges that she conveyed information to Dickerson that highlighted how strongly she felt about certain issues related to the parties' divorce, including child custody, which was at issue in the post-divorce decree proceedings. Therefore, Dickerson's knowledge of this information

could have been beneficial to Shane and harmful to Caroline.[1] Given the district court's broad discretion and credibility determinations, we cannot conclude the district court abused its discretion in disqualifying TDKLG, and we deny Shane's writ petition in part.

*The district court abused its discretion in awarding attorney fees and costs to Caroline*

This court reviews a district court's order awarding attorney fees and costs for an abuse of discretion. *Pub. Employees' Ret. Sys. of Nev. v. Gitter*, 133 Nev. 126, 133, 135, 393 P.3d 673, 680, 682 (2017). "In the context of an attorney fees award, this court has previously held that a district court abuses its discretion by making such an award without including in its order sufficient reasoning and findings in support of its ultimate determination." *Id.* at 136, 393 P.3d at 682 (internal quotations omitted). While the district court has discretion to award reasonable attorney fees, "in exercising that discretion, the court must evaluate the factors set forth in *Brunzell v. Golden Gate National Bank.*" *Miller v. Wilfong*, 121 Nev. 619, 623, 119 P.3d 727, 730 (2005) (citing *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969)).

There is no indication in the record that the district court properly considered the *Brunzell* factors necessary to determine whether attorney fees and costs were warranted. Further, the district court also provided insufficient reasoning for its award. This appears to be a good faith dispute, which does not justify the award of attorney fees and costs to Caroline. Thus, we conclude the district court abused its discretion in

---

[1]While Shane also challenges the district court's finding that RPC 1.9 also applied, because we conclude RPC 1.18 is sufficient grounds for TDKLG's disqualification, we need not reach the merits of RPC 1.9's application to this matter.

awarding Caroline attorney fees and costs, and grant Shane's petition in part. Accordingly, we

ORDER the petition GRANTED IN PART AND DENIED IN PART AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to VACATE THE ATTORNEY FEES AND COSTS AWARD.[2]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Sandra L. Pomrenze, District Judge, Family Court Division
     The Dickerson Karacsonyi Law Group
     Vaccarino Law Office
     Eighth District Court Clerk

---

[2]We have considered the parties' remaining arguments and conclude they lack merit. In view of our holding, we deny Shane's request to assign a new district court judge to the matter.