**138 Nev., Advance Opinion 6**

IN THE COURT OF APPEALS OF THE STATE OF NEVADA

IN THE MATTER OF THE
GUARDIANSHIP OF THE PERSON
AND ESTATE OF KATHLEEN JUNE
JONES, AN ADULT PROTECTED
PERSON.

No. 81799-COA

KATHLEEN JUNE JONES,
Appellant,
vs.
ROBYN FRIEDMAN; AND DONNA
SIMMONS,
Respondents.



FILED

FEB 24 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court award of attorney fees to former temporary guardians. Eighth Judicial District Court, Family Court Division, Clark County; Linda Marquis, Judge.

*Affirmed.*

Ballard Spahr LLP and Joel E. Tasca, Las Vegas; Legal Aid Center of Southern Nevada, Inc., and Maria L. Parra-Sandoval, Las Vegas, for Appellant.

Claggett & Sykes Law Firm and Micah S. Echols, Las Vegas; Michaelson & Associates, Ltd., and Patrick C. McDonnell and John P. Michaelson, Henderson; Sylvester & Polednak, Ltd., and Jeffrey R. Sylvester, Las Vegas, for Respondents.

BEFORE THE COURT OF APPEALS, GIBBONS, C.J., TAO and BULLA, JJ.

22-06001

*OPINION*

PER CURIAM:

This case places at issue NRS 159.344, a statute the Nevada appellate courts have not previously had occasion to consider. That statute governs the award of attorney fees in guardianship cases where the guardian requests the protected person's estate to pay attorney fees. While granting attorney fees in this way is disfavored under NRS 159.344, the district court may require the protected person's estate to pay attorney fees if the guardian makes a persuasive showing under the statute's 14-factor framework.

In this appeal, we must first determine whether the award of fees itself is proper given the statute's general presumption against such an award payable from the protected person's estate. Second, we consider whether the amount of that award is excessive under *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). We first conclude the award itself was proper because the district court applied the relevant NRS 159.344 factors and reasonably found that respondents Donna Simmons and Robyn Friedman's complex temporary co-guardianship warranted compensation. For similar reasons, we conclude the district court acted within its discretion in setting the amount of the award, as this case involved numerous parties and many filings, making for complex and time-consuming litigation. Accordingly, we affirm.

*BACKGROUND*

The fees at issue in this case stem from a period in 2019 when Donna and Robyn served as temporary co-guardians for their mother, appellant Kathleen June Jones. After that period, Jones's other daughter,

Kimberly Jones,[1] assumed the role of general guardian. Kimberly is not a party here.

Before Jones needed a guardian, she executed multiple power of attorney forms, each granting Kimberly power of attorney. She later executed estate planning documents in which she named Kimberly as her preferred guardian should she ever need a guardian. Years after she executed these documents, Jones began experiencing the onset of dementia and eventually required full-time care. Initially, Jones's husband, Gerald Rodney Yeoman, handled much of Jones's caretaking. Yeoman started experiencing health problems of his own, however, and he relocated to Arizona for treatment, rendering him unable to continue caring for Jones. As a result, Kimberly moved from California to Las Vegas and assumed the caretaker role. At this point, Kimberly was Jones's caretaker and had power of attorney, and no party had filed a guardianship petition.

Despite his struggling health, Yeoman wanted to maintain as much contact with Jones as possible. Yeoman's daughter and son-in-law, Richard and Candice Powell (collectively the Powells), assisted Yeoman in his efforts to remain close with Jones despite his move to Arizona. But Kimberly believed she was the more appropriate caretaker and, considering her recent move from California, she wanted Jones to remain in Las Vegas, despite the Powells' requests and efforts to relocate her to Arizona. These competing interests created tensions between Jones's daughters and Yeoman's side of the family.

Notwithstanding Kimberly's power of attorney status, concerns about Jones's estate arose, particularly with regard to ownership of Jones's

---

[1]We refer to all of Jones's daughters, including Donna and Robyn, by their first names for clarity between the numerous parties in this litigation.

home, which she had owned as separate property from before her marriage to Yeoman. After the onset of her dementia symptoms, Jones had executed a quitclaim deed conveying the property to the Powells for far under market value. When Jones was asked of this, she denied any recollection of transferring the property to the Powells. Nevertheless, as owners of the property, the Powells brought an eviction action against Kimberly, who was living with Jones in the home as her caretaker.

In addition to the issues with the home, the Powells—at the direction of Yeoman—withdrew money from Jones's bank account without Kimberly's consent and even held Jones's dogs against the wishes of Jones's side of the family. While the Powells and Yeoman offered pure intentions to support their actions, these interactions between the families created grave concerns for Donna and Robyn and prompted them to act. While Kimberly possessed power of attorney, her requests and demand letters were ineffectual at stopping the financial transactions with Jones's assets. Around this time, Yeoman took Jones to Arizona without Kimberly's knowledge or permission, and Kimberly went to Arizona and brought her mother back to Las Vegas, citing her power of attorney. In short, the families disagreed on Jones's property, residence, and finances. Realizing this, Donna and Robyn sought and retained legal counsel. Donna and Robyn's attorney considered the case and spent extensive time investigating, negotiating, and preparing two comprehensive guardianship petitions, one for temporary guardianship and one for general guardianship. In the end, Donna and Robyn, through counsel, filed the temporary guardianship petition in September 2019; in that petition, Donna and Robyn noted the significant time spent in fruitless negotiations before they resorted to filing the petition. Acknowledging the tensions

COURT OF APPEALS
OF
NEVADA

(O) 1947B

4

between the family members, the district court appointed Donna and Robyn as temporary co-guardians later in September.

After their appointment, Donna and Robyn set to work filing proposed care plans for Jones. Meanwhile, Kimberly filed a competing petition to become Jones's general guardian. The district court appointed counsel for Jones and an investigator to determine whether Kimberly had misused Jones's funds. After the investigation concluded she had not misused any property, the court appointed Kimberly as Jones's general guardian, thereby ending Donna and Robyn's temporary co-guardianship in October 2019. While their guardianship ended upon Kimberly's appointment as general guardian, Donna and Robyn were required to file requisite inventories and accountings related to Jones's estate. They completed these filings, and the district court formally discharged Donna and Robyn in May 2020.

Only one issue arising from Donna and Robyn's temporary guardianship remained: attorney fees. They sought fees payable from Jones's estate and produced their attorney's billing invoices to support a claim for $62,029.66 in fees. After some argument on the rate charged for paralegal time, Donna and Robyn's counsel conceded and reduced the paralegal fees. Following the reduction, Donna and Robyn reproduced the invoices and requested $57,742.16 in attorney fees—to be exacted as a lien against Jones's estate after her death. The district court granted the full amount of this request,[2] addressing almost every factor under the

_____

[2]While the district court titled its order, "Order Granting Robyn Friedman's and Donna Simmons' Petition for Attorneys Fees in Part," it granted Donna and Robyn's request in full after the adjustments to paralegal fees.

controlling statute, NRS 159.344, and rejecting Jones's "specific objections" "for each billing entry." Jones now appeals.[3]

*ANALYSIS*

On appeal, Jones primarily challenges the award of fees on two grounds.[4] First, she alleges that the attorney fee award was an abuse of the district court's discretion because the work that generated the fees conveyed no benefit on Jones, as appointing Donna and Robyn instead of Kimberly— Jones's clearly preferred guardian—only delayed the inevitable guardianship arrangement. Because Kimberly's guardianship was what she sought from the outset, Jones argues, any fees accrued by Donna and Robyn were actually harmful to Jones. Second, and relatedly, Jones argues the amount of the fee award was excessive. On both points, we disagree.

To begin, we review an award of attorney fees for an abuse of discretion. NRS 159.183(1) (noting that payment of attorney fees in guardianship cases is subject to discretion and approval of the court); *Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005).

*Whether fees were properly awarded from the estate*

We first address whether a guardian must confer a benefit on a protected person before the protected person's estate is required to pay the guardian's attorney fees.

Other courts have read such a mandatory requirement into guardianship fee statutes. *See, e.g., In re Guardianship of Sleeth*, 244 P.3d 1169, 1174 (Ariz. Ct. App. 2010) ("We cannot agree that the legislature

---

[3]We initially affirmed in an unpublished order on October 20, 2021. Donna and Robyn thereafter filed a motion to reissue our order as an opinion. We grant the motion and now issue this opinion.

[4]We note that we possess jurisdiction under NRS 159.375(5).

intended that courts overlook whether an attorney's or a fiduciary's services produced any value or benefit to the protected person."); *In re Guardianship of Ansley*, 94 So. 3d 711, 713 (Fla. Dist. Ct. App. 2012) (requiring courts to consider benefits conferred despite the statute's failure to list such benefits as a factor in an enumerated list of factors to support guardianship fees). However, NRS 159.344 contemplates protected person benefits and expressly employs permissive language—"may"—to invite, but not require, courts to consider any benefit to the protected person. *See* NRS 159.344(5) (providing factors for consideration).

Here, the language of the statute does not mandate a finding that the guardian rendered a benefit; nevertheless, the district court determined Jones did benefit from Donna and Robyn's temporary guardianship. Accordingly, we review that determination for an abuse of discretion and need not reach Jones's invitation to read the strict requirement into the permissive statute codified by the Nevada Legislature.

Before the court appointed a guardian in this case, the Powells received ownership of Jones's home and withdrew funds from her bank account. While it is true that Jones would have preferred Kimberly as her guardian, it is also true that Donna and Robyn's guardianship petition was the first petition filed amidst concerns surrounding Jones's pecuniary and proprietary interests. Further, there were reasonable concerns involving money Kimberly had taken from Jones. Because of these concerns, the district court appointed an investigator to evaluate Jones's financial and medical well-being. After the investigation established she did not mishandle Jones's funds, a conclusion not contested by Donna and Robyn, Kimberly was awarded the general guardianship role without further opposition; Donna and Robyn's temporary guardianship facilitated the

investigation that examined Jones's finances and enabled Kimberly, Jones's preferred guardian, to be appointed.

NRS 159.344 begins with a presumption that guardians are personally liable for their own fees. NRS 159.344(1). Fees are awardable from the protected person's estate, but only if sought by petition and the court concludes the statutory requirements support a finding that fees are just, reasonable, and necessary. *See* NRS 159.344(4)-(5). NRS 159.344(5) sets forth several factors to determine when fees are just, reasonable, and necessary, all of which may be considered by the district court. Among these factors, the district court may consider (1) whether the guardian's attorney conferred a benefit on the protected person; (2) the character of the work performed, including its difficulty; (3) the result of the work; and (4) any other factor that may be considered relevant. NRS 159.344(5)(b), (d), (f), (n).

Under the factors of NRS 159.344(5), the district court did not abuse its discretion in determining, first, that Jones benefited from counsel's services to establish the temporary guardianship, because the temporary guardianship prompted a rigorous scrutiny of Jones's financial situation, as well as an examination into the issues surrounding the sale of her home. And the understanding of Jones's financial situation enabled Kimberly's appointment. Moreover, Jones benefited from other guardianship work, such as efforts to secure the return of her dogs of which Yeoman had taken possession. Based on these facts, we cannot say that the district court abused its discretion when it determined Jones benefited from Donna and Robyn's temporary guardianship and their counsel's services in connection therewith.

Second, and for many of the same reasons, the district court did not abuse its discretion in determining that the fees were payable from Jones's estate. The district court acknowledged NRS 159.344 and found its requirements had been satisfied. Expanding on this conclusion, in finding that the requested fees were just, reasonable, and necessary, the district court made findings under almost every single NRS 159.344(5) factor. Accordingly, we affirm the district court's overall decision to award fees from Jones's estate.

*Whether the awarded fees were proper in amount*

We turn now to Jones's challenge to the amount of the award. First, she alleges that the amount of $57,742.16 is unreasonable because Donna and Robyn were active temporary co-guardians for only one month between September and October 2019. Second, Jones argues that some of the billing entries on the invoices compensated unrelated work or work that the Legislature expressly excluded under NRS 159.344. We address each argument in turn.

The duration of representation is neither an enumerated factor in NRS 159.344 nor a consideration provided by *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969). "When considering the amount of attorney fees to award, the analysis turns on the factors set forth in *Brunzell*." *O'Connell v. Wynn Las Vegas, LLC*, 134 Nev. 550, 555, 429 P.3d 664, 668 (Ct. App. 2018). Instead of the duration of representation, the difficulty of the work is an enumerated factor considered in setting fee awards. NRS 159.344(5)(d); *Brunzell*, 85 Nev. at 349, 455 P.2d at 33. In addition, temporary guardians possess only the powers necessary to address the concerns that prompted the temporary guardian's appointment; thus, the awardable temporary guardianship attorney fees are likewise limited. NRS 159.0525(6).

Here, the amount of the award is not improper based on the relatively short duration of the formal temporary guardianship or the work performed during the guardianship. While, in the strictest sense, their guardianship spanned only one month, the record supports a more extensive commitment. To the extent the duration of a guardianship may shade the analysis, we disagree with Jones's strict one-month interpretation. Donna and Robyn are correct to note that the duration of representation is not a factor in the directly controlling statute or precedent.[5] Instead, the complexity of the case is a factor. With that, it is important to acknowledge the complexity of Jones's case; some motions at the district court level attracted four filings, one each from Jones, Kimberly, Donna and Robyn together, and Yeoman. In a case like this one, responding to three opposing viewpoints is difficult; it takes time. Donna and Robyn also asked their attorney to work on power of attorney matters. While this technically could be construed as a probate issue, the district court did not err in compensating this work because the ineffectiveness of Kimberly's power of attorney was a factor that contributed to Donna and Robyn's appointment. Therefore, the power of attorney issue was within the scope of the temporary guardianship under NRS 159.0525.

Thus, considering the complexity of the litigation and the concerns involving Kimberly's power of attorney, we conclude that the

_____

[5]We acknowledge Jones challenged the district court's fee award for compensating work Donna and Robyn's attorney performed before the district court appointed them as guardians; however, in her reply, Jones concedes that compensation could start with the drafting of the petition on September 9, 2019. The record demonstrates that the parties contested individual billing entries starting on September 10, 2019. Accordingly, we see no major disagreement on this point.

district court did not abuse its discretion by awarding fees for the scope of work performed. We turn next to the amount awarded within this scope.

Jones broadly challenges the district court's fee award for improperly compensating work expressly excluded under NRS 159.344(6). Donna and Robyn do not argue the substance of each billing entry on appeal; they argue Jones's entry-by-entry challenges are not properly before this court due to Jones's violation of appellate briefing rules. We agree with Donna and Robyn and reject Jones's final challenge.

On appeal, parties have a duty to cite relevant authority. NRAP 28(a)(10)(A). "Parties shall not incorporate by reference briefs or memoranda of law submitted to the district court or refer the Supreme Court or Court of Appeals to such briefs or memoranda for the arguments on the merits of the appeal." NRAP 28(e)(2). Without citing supporting authority, a party fails to argue cogently his or her position, and thus, this court need not consider the argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider an appellant's argument that is not cogently argued or lacks support by relevant authority).

Here, Jones refers to a copy of her spreadsheet for her legal argument, but the spreadsheet offends the standards of NRAP 28(e)(2). Nevertheless, we note that the district court considered the statute and Jones's itemized challenges. Indeed, the district court made explicit findings on pages 10 and 13 of its order and determined that Jones had not established any fee entries were unjustified, citing directly to NRS 159.344(5)-(6) and Jones's itemized challenges. In light of these findings, we cannot conclude that the district court abused its discretion in determining the amount of fees to award Donna and Robyn.

## CONCLUSION

The district court did not abuse its discretion when it both elected to award fees from Jones's estate and set the amount of those fees at $57,742.16. Accordingly, we affirm the district court's award of attorney fees.

_____, C.J.
Gibbons

_____, J.
Tao

_____, J.
Bulla